**William M. KELLEY, Appellant,**

**v.**

**APACHE PRODUCTS, INC., and Apache Products, Inc., d/b/a Acme Skid & Plug-Pallet Division, Appellee.**

**No. 09–85–166 CV.**

Court of Appeals of Texas, Beaumont.

May 1, 1986.

Rehearing Denied May 21, 1986.

Richard Clarkson, Law Office of Gilbert T. Adams, Beaumont, for appellant.

Jeff Crane, Houston, for appellee.

OPINION

BURGESS, Justice.

This is an appeal from the granting of a motion for summary judgment. William M. Kelley filed suit against Apache Products, Inc., and Apache Products, Inc., d/b/a Acme Skid and Plug-Pallett Division for breach of an oral contract of employment. He also alleged that Apache was barred by promissory estoppel and contended the acts or omissions of Apache constituted a tortious interference with a contract, a wrongful and tortious discharge and were done maliciously resulting from ill will and constituted gross negligence. Apache filed its motion for summary judgment alleging the contract was an employment-at-will contract, in violation of the statute of frauds and was without consideration.

Defendants moving for summary judgment must expressly present and conclusively prove all essential elements of their defense as a matter of law. There can be no genuine issues of material fact. In deciding whether there is a disputed material issue precluding summary judgment, evidence favorable to the non-movants will be taken as true. Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex. 1984).

Kelley alleges five points of error. The first being a general point that the trial court erred in granting the motion and then three separate points on each of the allegations in the motion for summary judgment. The last point of error alleges the court erred in entering a final judgment because all the issues raised in Kelley's first amended original petition were not addressed in the motion for summary judgment and thus were not disposed of in the order granting the summary judgment. Apache has not addressed this point of error in their brief. A summary judgment

for a defendant which disposes of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories plead. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983). Apache's motion for summary judgment does not go to the allegations of promissory estoppel, tortious interference with the contract or the wrongful discharge based upon malice, ill will or gross negligence. Therefore, the judgment must be reversed and remanded.

■ Since the case is being remanded, we will, in the interest of judicial economy address the other points of error. We hold there are genuine issues of material fact in each of the three areas.

■ First, as to the employment-at-will argument. Any employment-at-will contract can be modified by an oral agreement. *Johnson v. Ford Motor Company*, 690 S.W.2d 90 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). Kelley's affidavit alleges such a modification.

■ Second, as to the alleged modified contract being in violation of the statute of frauds. A contract of employment for an indefinite period of time is not in violation of the statute of frauds if it is considered performable within one year. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1975). This contract is certainly capable of being performed within one year. *See and compare Gano v. Jamail*, 678 S.W.2d 152 (Tex.App.—Houston [14th Dist.] 1984, no writ). Last, as to the lack of consideration, we are unable to say there was no consideration as a matter of law. The continued performance of duties by Kelley can be a valuable consideration to the company. *St. Louis, B. & M. Ry. Co. v. Booker*, 5 S.W.2d 856 (Tex.Civ.App.—Galveston 1928), *cert. denied*, 279 U.S. 852, 49 S.Ct. 348, 73 L.Ed. 995 (1929).

All of appellant's points of error are sustained. The case is reversed and remanded for a trial on the merits.

REVERSED AND REMANDED.