Geoffrey YOUNG, Appellant,

v.

Travis WARD, Appellee.

No. 10–95–001–CV.

Court of Appeals of Texas,
Waco.

March 6, 1996.

William B. Short, Jr., Mark Frels, Short, How, Lozano, Frels & Tredoux, L.L.P., Dallas, for appellant.

Frederick M. Loeber, Jr., Dallas, for appellee.

Before CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This is a breach of contract case. At trial, appellant Geoffrey Young sought to enforce an oral contract between him and appellee Travis Ward whereby Ward, Young's former employer, had allegedly agreed to pay Young a pension of $2000 per month for the rest of

Young's life. Ward moved for summary judgment on the grounds that the alleged oral contract was unenforceable under the statute of frauds. TEX.BUS. & COMM.CODE ANN. § 26.01 (Vernon 1987). The trial court granted the motion, prompting Young to bring this appeal. We reverse and remand.

The two parties differ widely in their versions of the events which led to this lawsuit. According to Young, beginning in 1956 and continuing until the end of October 1985, Young worked for Ward as an office manager and bookkeeper. Starting in or about 1969, he began to feel concerned that Ward had not yet established some provision for his retirement income. He, therefore, brought the subject up to Ward, who assured Young that he had no need to be concerned about a lack of a retirement income and that Ward would provide one for Young when the time came. Nevertheless, despite repeated protests from Young, Ward never attempted to finalize a formal agreement with Young until either late September or early October of 1985 when Young was only a few weeks from his last day of employment. At that time, again according to Young, Ward offered to pay Young $2000 per month for the rest of Young's life. Young argues that the consideration for the agreement was that Young would continue to work for Ward until the end of October. The negotiations were oral and the agreement was never reduced to writing.

Ward agrees that Young worked for him from 1956 until the end of October 1985 as an office manager and bookkeeper, but this essentially is where the similarity between his story and Young's ends. According to Ward, his decision to offer Young a pension arose from an effort to keep Young in his employment when Ward was relocating his offices from Corsicana to Dallas sometime between 1971 and 1973, not from concerns expressed by Young about a lack of a retirement plan. Young did not want to move to Dallas and was reluctant to commute; accordingly, in an effort to persuade him to continue in his employment, Ward offered to provide Young a company car and gas so that Young could make the commute from Corsicana without any financial expense. Furthermore, as an added incentive, Ward decided to offer Young a retirement plan. Ward consulted an insurance agent, Gara Stark, who analyzed certain figures and offered certain suggestions to Ward on what might be feasible options for him and Young. Ward decided not to accept any of the suggestions from Stark; instead, he orally offered to pay Young $2000 per month for eight years once Young retired. According to Ward, Young orally accepted this offer in 1973, but it was never reduced to writing.

The parties agree that Young retired at the end of October 1985 and that Ward paid Young $2000 per month for eight years following Young's retirement. Young brought his lawsuit when Ward informed him in or about October 1993 that he would cease making payments to Young the following month.

In his motion for summary judgment, Ward contended the oral agreement between him and Young was unenforceable because it was not to be performed within one year from the date of the making of the agreement, as provided in our state's statute of frauds. TEX.BUS. & COMM.CODE ANN. § 26.01(b)(6). Ward raised two arguments in support of his theory: first, he contended that any contract for lifetime is, *per se,* barred by the statute of frauds; second, he argued that, since the date of the contract's making was in 1973, more than one year would necessarily have had to elapse before the contract could be performed because Young was not due to retire until twelve years later in 1985. The trial court granted summary judgment solely on the former argument; consequently, we can only consider it and not the latter. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (1993); *McDuff v. Chambers,* 895 S.W.2d 492, 497 (Tex.App.—Waco 1995, writ denied).

 On appeal from the granting of summary judgment, we must determine whether the evidence establishes as a matter of law that there is no genuine issue of material fact. *Rodriguez v. Naylor,* 763 S.W.2d 411, 413 (Tex.1989); *Hamlin v. Gutermuth,* 909 S.W.2d 114, 116 (Tex.App.—Houston [14th Dist.] 1995, writ denied). In deciding whether a genuine issue of material fact exists, the evidence must be viewed in

favor of the nonmovant, resolving all doubts and indulging all inferences in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant as a movant must either: 1) disprove at least one element of each of the plaintiff's theories of recovery; or 2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979). Ward in his summary judgment motion raised the affirmative defense of the statute of frauds. The question before us, then, is whether oral lifetime contracts are unenforceable under the statute of frauds. We conclude that they are not.

Construing the facts in the light most favorable to Young, we find that in late September or early October 1985 Ward offered to pay Young $2000 per month for the rest of Young's life if Young would continue to work for Ward until the end of October 1985. Young accepted the offer, but the agreement was never reduced to writing.

Section 26.01(b)(6) of the Business and Commerce Code provides that, to be enforceable, promises or agreements "which [are] not to be performed within one year from the date of making the agreement" must be in writing. TEX.BUS. & COMM.CODE ANN. § 26.01(b)(6). Agreements which demand performance at or for a specified amount of time are easily determined by the court to fall or not fall under the strictures of section 26.01(b)(6). *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (1961) (question of whether an agreement falls within the statute of frauds is one of law). The court simply compares the date of the agreement to the date when the performance under the agreement is to be completed and if there is a year or more in between them then a writing is required to render the agreement enforceable. *Gilliam v. Kouchoucos*, 161 Tex. 299, 340 S.W.2d 27, 28–29 (1960) (employment contract for ten years within statute); *Chevalier v. Lane's, Inc.*, 147 Tex. 106, 213 S.W.2d 530, 533 (Tex. 1948) (employment contract for term of one year and several weeks within statute); *Paschall v. Anderson*, 127 Tex. 251, 91 S.W.2d 1050, 1051 (1936) (same); *Shaheen v. Motion Indus., Inc.*, 880

S.W.2d 88, 91 (Tex.App.—Corpus Christi 1994, writ denied) (employment contract for nine months not within statute); *International Piping Sys., Ltd. v. M.M. White & Assoc., Inc.*, 831 S.W.2d 444, 451 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (employment contract for one year performable within one year and therefore not within statute); *Wiley v. Bertelsen*, 770 S.W.2d 878, 881–82 (Tex.App.—Texarkana 1989, no writ) (employment agreement for approximately ten years within statute); *M.R.S. Datascope Inc. v. Exchange Data Corp., Inc.*, 745 S.W.2d 542, 544 (Tex.App.—Houston [1st Dist.] 1988, no writ) (covenant not to compete for three years within statute); *Levine v. Loma Corp.*, 661 S.W.2d 779, 781–82 (Tex. App.—Fort Worth 1983, no writ) (agreement to employ employee for over one year and then pay him $1000 per month for life thereafter within statute).

Agreements where the time at or for performance is not specifically provided but can be readily ascertained from the context of the agreement can also be easily determined to be within or outside section 26.01(b)(6). *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex.1991) (employment contract until retirement, which was eight to ten years from date of agreement's making, was within statute); *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex.1982) (agreement fell within statute where performance under agreement would take at least two years); *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12, 15 (1957) (employment contract with no specified duration was within statute where the parties intended it to last for a reasonable time and where the jury determined the parties at the time the agreement was made intended it to be about three years); *Leon Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693, 702 (Tex.App.—El Paso 1993, no writ) (writing was required where performance under agency agreement, although for an unspecified term, could not possibly be completed within three years from date of agreement); *Winograd v. Willis*, 789 S.W.2d 307, 310–11 (Tex.App.—Houston [14th Dist.1990, writ denied) (employment contract of unspecified duration determined to be for one year and therefore not within statute where the terms of the agreement indicated that employee

was to receive an annual salary); *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406–07 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.) (employment contract until retirement for employee several years younger than retirement age within statute); *Gano v. Jamail,* 678 S.W.2d 152, 154 (Tex.App.—Houston [14th Dist.] 1984, no writ) (indefinite duration agreement between plaintiff lawyers to share profits from personal injury cases required a writing because the work on the cases could not reasonably be completed within one year from the date the cases were taken); *Molder v. Southwestern Bell Tel. Co.,* 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) (employment contract until retirement for eighteen year-old employee within statute).

Agreements which fail to specify a definite time when performance is to be completed and agreements from which the time at or for performance cannot be readily ascertained present a different and more difficult problem. Without knowing definitely when performance is to be completed, courts are unable to determine with certainty whether the agreement was "to be performed within one year from the date of making the agreement." TEX.BUS. & COMM. CODE ANN. § 26.01(b)(6). Texas courts, however, apparently in an effort to avoid the harsh consequences section 26.01(b)(6) can produce, have generally held that, in the absence of a known date when performance will be completed, the statute of frauds does not apply if performance could conceivably be completed within one year of the agreement's making. *Miller v. Riata Cadillac Co.,* 517 S.W.2d 773, 776 (Tex.1974) (where contract to pay employee a bonus after approximately one year could theoretically be performed before the year expired, statute of frauds did not apply); *Young v. Fontenot,* 888 S.W.2d 238, 241 (Tex. App.—El Paso 1994, writ denied) (agreement to transfer stocks at an unspecified date in the future was performable within one year and therefore not within statute); *Gerstacker v. Blum Consulting Engineers, Inc.,* 884 S.W.2d 845, 851 (Tex.App.—Dallas 1994, writ denied) (employment contract for no specified duration but for as long as the employee's performance was satisfactory could be performed within one year because perfor-

mance could conceivably become unsatisfactory within one year); *Prowse v. Schellhase,* 838 S.W.2d 787, 790 (Tex.App.—Corpus Christi 1992, no writ) (agreement to find a buyer for mineral leases was performable within one year and therefore not within statute); *Goodyear Tire & Rubber Co. v. Portilla,* 836 S.W.2d 664, 670–71 (Tex.App.—Corpus Christi 1992) (employment contract for as long as employee performed work satisfactorily not within statute), *aff'd,* 879 S.W.2d 47 (Tex.1994); *Day & Zimmermann, Inc. v. Hatridge,* 831 S.W.2d 65, 68–69 (Tex. App.—Texarkana 1992, writ denied) (same); *Kennedy v. Hyde,* 666 S.W.2d 325, 328 (Tex. App.—Fort Worth) (oral agreement to repay a note for a ten-year period not within statute because parties intended for alternative performance by possible early payment within one year of the agreement), *rev'd on other grounds,* 682 S.W.2d 525 (Tex.1984); JOHN D. CALAMARI AND JOSEPH M. PERILLO, CONTRACTS, § 19–18 (2nd ed. 1977); *contra Wal-Mart Stores, Inc. v. Coward,* 829 S.W.2d 340, 342–43 (Tex.App.—Beaumont 1992, writ denied) (employment contract for as long as employee wanted it and made a "good hand" required a writing).

Furthermore, under similar reasoning, agreements requiring performance for an indefinite duration and which do not depend upon any conditions for their perpetuation are generally held not to require a writing under the statute of frauds because "there is nothing in the agreement itself to show that [the agreement could not] be performed within a year according to its tenor and the understanding of the parties[.]" *Bratcher,* 346 S.W.2d at 796 (quoting 49 AM.JUR. *Statute of Frauds* § 27 (1943)). Again, the agreements could conceivably be performed within a year of their making; therefore, a writing is not required to enforce them. *Id.* (statute of frauds did not apply to employment contract of indefinite duration); *Beckstrom v. Gilmore,* 886 S.W.2d 845, 846–47 (Tex.App.—Eastland 1994, writ denied) (agreement of indefinite duration by attorney to send demand letters for medical doctor performable within one year and therefore not within statute); *Morgan v. Jack Brown Cleaners, Inc.,* 764 S.W.2d 825, 827 (Tex.

App.—Austin 1989, writ denied) (on rehearing) (employment contract of indefinite duration not within statute); *Kelley v. Apache Products, Inc.*, 709 S.W.2d 772, 774 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.) (same); *Robertson v. Pohorelsky*, 583 S.W.2d 956, 958 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.) (employment contract of indefinite duration did not require writing because nothing in agreement indicated parties intended employee to work more than one year); RESTATEMENT (SECOND) OF CONTRACTS § 130 cmt. a (1981).

■ Accordingly, agreements to last during the lifetime of one of the parties would also not require a writing because the party upon whose life the duration of the contract is measured could die within a year of the agreement's making. In *Wright v. Donaubauer*, 137 Tex. 473, 154 S.W.2d 637 (1941), the Supreme Court considered whether an oral agreement providing for an alternative means of performing on a ten-year note was within the statute of frauds. The parties orally agreed that the debtor could pay off his $2100 debt, payable on the note by $100 every six months for ten years, by performing yard work either for the life of the creditor or for the duration of the note, whichever should occur first. *Id.* at 638. The parties intended that the note, under either scenario, would be paid in full. *See id.* It is important to distinguish the two agreements at issue in the *Wright* case. The first is the written agreement represented in the ten-year note. The second is the oral agreement between the parties providing for an alternative means of paying off the note other than the tendering of $100 every six months for ten years. Under the oral agreement, the parties intended for two alternative means of performance. The first required ten years of yard work by the debtor; the second required the performance of yard work by the debtor until the death of the creditor. The Supreme Court held that, because the second means of performance could have occurred within one year of the agreement's making, the statute of frauds did not apply and a writing was not required to enforce it. *Id.* at 639; *see Gilliam*, 340 S.W.2d at 28. This rule of law has since been followed in Texas and in virtually every other jurisdiction in

the United States. *Lieber v. Mercantile Nat'l. Bank at Dallas*, 331 S.W.2d 463, 474 (Tex.Civ.App.—Dallas 1960, writ ref'd. n.r.e.) (oral prenuptial agreement that husband would will certain monies to his wife not within statute because husband could have died within one year of the agreement's making); *Central Nat'l. Bank of San Angelo v. Cox*, 96 S.W.2d 746, 748 (Tex.Civ.App.—Austin 1936, writ dism'd) (employment contract until employee should die or become incapacitated performable within one year and therefore not within statute); *accord Doherty v. Doherty Ins. Agency, Inc.*, 878 F.2d 546, 551–52 (1st Cir.1989) (applying Massachusetts law); *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503, 506 (1994); *Boothby v. Texon, Inc.*, 414 Mass. 468, 608 N.E.2d 1028, 1035–36 (1993); *Falls v. Virginia State Bar*, 240 Va. 416, 397 S.E.2d 671, 672 (1990); *Kestenbaum v. Pennzoil Co.*, 108 N.M. 20, 766 P.2d 280, 283–84 (1988), *cert. denied*, 490 U.S. 1109, 109 S.Ct. 3163, 104 L.Ed.2d 1026 (1989); *Bergquist–Walker Real Estate, Inc. v. William Clairmont, Inc.*, 333 N.W.2d 414, 418 (N.D.1983); *Kitsos v. Mobile Gas Serv. Corp.*, 404 So.2d 40, 42 (Ala. 1981); *Kiyose v. Trustees of Indiana Univ.*, 166 Ind.App. 34, 333 N.E.2d 886, 889 (1975); *Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 933 (Tenn.App.1984); *contra Massey v. Houston Baptist Univ.*, 902 S.W.2d 81, 84 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (promise of lifetime employment, without reference to retirement, required a writing); *Benoit*, 728 S.W.2d at 407 (employment contracts for "lifetime employment" require a writing); *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 472–73 (5th Cir.) (under Texas law agreements for "lifetime employment" require a writing), *cert. denied*, 502 U.S. 984, 112 S.Ct. 591, 116 L.Ed.2d 615 (1991); *Quinn v. Workforce 2000, Inc.*, 887 F.Supp. 131, 136 (E.D.Tex. 1995) (same); *Rayburn v. Equitable Life Assurance Soc. of the United States*, 805 F.Supp. 1401, 1405–06 (S.D.Tex.1992) (same).

However, the mere possibility of the agreement terminating within one year of its making does not, in and of itself, ensure that a writing is not required. If this conceivable possibility of performance is dependent upon

some merely fortuitous event, a writing will still be required to enforce the agreement. *Gilliam,* 340 S.W.2d at 28 (ten-year employment contract required writing notwithstanding express provision in the oral agreement that such would terminate upon employee's death); *Chevalier,* 213 S.W.2d at 533 (mere possibility of death did not eliminate requirement of a writing to enforce an employment contract of one year and several weeks); *Collins v. Allied Pharmacy Management, Inc.,* 871 S.W.2d 929, 934 (Tex.App.—Houston [14th Dist.] 1994, no writ) (employment contract for three years within statute even though under agreement employee could be terminated at any time for cause); *Mann v. NCNB Texas Nat'l Bank,* 854 S.W.2d 664, 668 (Tex.App.—Dallas 1992, no writ) (loan agreement with a three-year repayment term was within statute notwithstanding remote possibility that debtor would repay the loan within a year from its making); *Webber v. M.W. Kellogg Co.,* 720 S.W.2d 124, 128 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd. n.r.e.) (employment contract until retirement required a writing notwithstanding employer's contractual right to discharge employee at will within first three months of employment).

■■■ This seemingly technical distinction is one between termination of the contract and performance under the contract. *Gilliam,* 340 S.W.2d at 28–9; *Chevalier,* 213 S.W.2d at 532. Section 26.01(b)(6) refers to agreements which cannot be "performed" within one year of their making. TEX.BUS. & COMM.CODE ANN. § 26.01(b)(6). Accordingly, if an agreement could be fully "performed" within one year of its making, section 26.01(b)(6) does not apply. *Bratcher,* 346 S.W.2d at 796; *Gilliam,* 340 S.W.2d at 28–9; *Chevalier,* 213 S.W.2d at 532; *Gerstacker,* 884 S.W.2d at 851 (employment contract for as long as the employee's performance was satisfactory would be fully completed when employee's performance became unsatisfactory); *Portilla,* 836 S.W.2d at 670–71 (same). But if the occurrence of some other contingent event, even if expressly contemplated in the agreement, would simply **terminate** the agreement before the agreement had been fully **performed,** then the possibility of that terminating event occurring within one year

of the agreement's making is insufficient to take the agreement outside of section 26.01(b)(6). The event that could conceivably occur within one year of the agreement must be one intended by the parties to result in the full performance of the agreement. In the words of the Fifth Circuit, "If an oral . . . agreement can cease upon some contingency, other than by some fortuitous event or the death of one of the parties, the agreement may be performed within one year, and the statute of frauds does not apply." *Pruitt v. Levi Strauss & Co.,* 932 F.2d 458, 463–64 (5th Cir.1991); *see Gilliam,* 340 S.W.2d at 29–30; *Chevalier,* 213 S.W.2d at 532; *Collins,* 871 S.W.2d at 934; *M.R.S. Datascope,* 745 S.W.2d at 544. We will now apply the facts to the above-stated principles of law.

Here, the summary judgment evidence indicates that the parties agreed in late September or early October 1985 that Ward would pay Young $2000 per month for the rest of Young's life if Young would work for Ward until the end of October 1985. We note that there are two stages of performance under this agreement. The first is the month and a half of work Young would have to complete in order to be entitled to payment from Ward. The parties identified a specific and definite period of time by which performance under this first stage would be completed; i.e., no more than a month and a half. This month and a half would necessarily expire within one year of the agreement's making; therefore, the writing requirement of section 26.01(b)(6) is not invoked by this stage.

The second stage of performance is the period of time Ward was required to make payments to Young. This period was one of an indefinite duration; i.e., until Young dies. As an agreement of indefinite duration, we must ask whether it could have been fully performed within one year of its making. Obviously, it could have been. Young could have died at any time after he ceased working for Ward.

■■■ We must also ask, however, whether Young's death would have resulted in the agreement being fully performed or fortuitously terminated. The language of the

agreement reveals the parties' intention that the contract would be fully performed once Young died, assuming he successfully performed under the first stage of the agreement, which we note was less than one year. Young's death within a year of the agreement's making would not have simply resulted in the fortuitous termination of the agreement: Young's death was intended by the parties to be the defining event which would determine when the agreement was fully performed. Therefore, because both stages of the agreement, taken together, could have been fully performed within one year of the agreement's making, we conclude that section 26.01(b)(6) is not applicable. We, accordingly, sustain Young's first point of error. Due to our disposition of his first point of error, we need not consider his remaining points. The cause is reversed and remanded for a trial on the merits.