Reversed and Rendered and Memorandum Opinion filed June 17, 2004









Reversed and Rendered and
Memorandum Opinion filed June 17, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01243-CV

_______________

 

TERRY R. PARKS, WEST END MANAGEMENT GROUP, INC. a/k/a 

TSP FINANCIAL, INC., AND PARKS MANAGEMENT GROUP, INC.,
Appellants

 

V.

 

LANDFILL MARKETING CONSULTANTS,
INC. AND 

IMRE SZEKELYHIDI, Appellees

_________________________________________________________

 

On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 00‑45493

_________________________________________________________

 

M E M O R A N D
U M   O P I N I O N








In this breach of contract action, appellants, Terry R.
Parks, West End Management Group, and Parks Management Group, appeal a judgment
in favor of appellees, Imre Szekelyhidi and Landfill Marketing Consultants,
Inc.  In seven issues, appellants claim
(1) the oral contract was unenforceable under the statute of frauds, (2) the
trial court erred in disregarding the jury finding on that issue, (3) the trial
court erred in finding Parks and Park Management Group individually liable for
the contract of West End Management Group, a corporation, (4) the evidence was
legally insufficient to support the jury=s finding of damages, (5) appellees
did not make a proper claim for attorneys= fees, and (6) the evidence was
insufficient to support the award of attorneys= fees, and (7) the trial court erred
in calculating prejudgment interest. 
Because the trial court erred in disregarding the jury=s finding on the statute of frauds,
we reverse and render a take-nothing judgment.

I. 
Background

Szekelyhidi, owns Landfill Marketing Consultants, a
consulting service for landfill projects. 
Appellant, Terry Parks, is the sole shareholder and president of West
End Management, a corporation that brokers waste and establishes landfill
developments.  In 1995, Szekelyhidi and
Parks created TSP Development, Ltd., a limited partnership, to develop and sell
a landfill in Chambers County.[1]  Parks, Szekelyhidi, as well as other
individuals were partners in TSP Development. 
Parks Management Group, a corporation, was created by Parks to be the general
partner of TSP Development.  Parks was
the sole shareholder of Parks Management Group. 









Szekelyhidi and Parks orally agreed that Szekelyhidi would
perform the consulting work necessary to obtain the required permits for the
Chambers County landfill.  They agreed
that in exchange for this work, Szekelyhidi would receive $10,000 a month.[2]  Szekelyhidi began performing the consulting
work and receiving monthly payments in February 1995. However, TSP Development
began suffering financial difficulties when the project encountered legal
obstacles and became involved in litigation. 
In June 1999, Parks stopped making the payments to Landfill Marketing
Consultants.  Nevertheless, Szekelyhidi
performed some consulting work until July 2000. 
At the time of trial in February 2002, TSP Development was still
attempting to obtain the necessary permits to operate a landfill on the
Chambers County site.  

Szekelyhidi and Landfill Marketing Consultants (hereafter
collectively Aappellees@) sued Parks, Parks Management Group,
and TSP Development (hereafter collectively Aappellants@) for breach of contract.  The jury found that appellants breached the
contract and awarded appellees $155,000. 
The jury also found that the contract could not be performed within one
year.  However, the trial court
disregarded this finding on appellees= motion and entered judgment for
appellees in the amount of $155,000 and attorney=s fees. 

II. 
Statute of Frauds

In their first and second issues, appellants claim that (1)
enforcement of the agreement is barred by the statute of frauds because it
could not be performed in one year, and (2) the trial court erred in
disregarding the jury finding to that effect. 
The statute of frauds requires that an agreement which is not to be
performed within one year from the date it is made must be in writing.  Tex.
Bus. & Com. Code Ann. ' 26.01 (Vernon 2002).  If a contingent event that would result in
the full performance of the agreement could conceivably occur within one year,
the statute of frauds does not apply.  Young
v. Ward, 917 S.W.2d 506, 511 (Tex. App.CWaco 1996, no writ).  However, if the occurrence of a contingent
event would simply terminate the agreement, the possibility of that event
happening within one year does not take the agreement out of the statute of frauds.  Id.








A trial court may disregard a jury finding if it is
immaterial or unsupported by the evidence. 
Spencer v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex.
1994).  The jury was asked, ADo you find that the contract could
not be performed within one year from [the date Szekelyhidi began his
consulting work]?@  The jury answered, Ayes.@ 
On their motion to disregard the jury finding, appellees claimed this
finding was immaterial because (1) the application of the statute of frauds is
a question of law, (2) the evidence conclusively established the contract could
have been performed in one year, and (3) they conclusively proved two
exceptions to the statute of frauds.  The
trial court granted the motion without specifying the grounds for its
ruling.  Therefore, we will consider all
the grounds raised in the motion. 

A.  Question of Law

Appellees asserted the jury finding was immaterial because
application of the statute of frauds to a contract is a question of law.  See Metromarketing Servs., Inc. v. HTT
Headwear, Ltd., 15 S.W.3d 190, 195 (Tex. App.CHouston [14th Dist.] 2000, no pet.).
Questions that should not have been submitted to the jury, including questions
of law that are beyond the province of the jury, are immaterial. Spencer,
876 S.W.2d at 157.  However, in this
case, the parties disagree over what express contingency under the terms of the
contract would result in full performance of the agreement.  When the parties disagree on the terms of
their oral agreement, this creates a question for the trier of fact to
determine the intentions of the parties. 
Dech v. Daniel, Mann, Johnson & Mendenhall, 748 S.W.2d 501,
503 (Tex. App.CHouston [1st Dist.] 1988, no writ).








Szekelyhidi testified that under the terms of the agreement,
his performance would be completed when the permit was issued or denied, or
when the project was abandoned.[3]  He presented further evidence that the
project conceivably could have been abandoned within a year for various
reasons, including failure to find an appropriate site, or not being able to
afford a site.  Appellees claim this
testimony is proof that the agreement could have conceivably been performed
within one year, therefore, taking the agreement out of the statute of frauds. 

In contrast, Appellants deny that abandonment of the project
would have resulted in full performance of the agreement.  They presented evidence that according to the
terms of the agreement, performance would have been completed when a permit for
the landfill was issued or after five years had passed.  They presented additional evidence that the
permitting process would take a minimum of two years, but would more likely
take three to four years.  There was no
evidence presented that the permit could have conceivably been obtained within
one year.  Appellants claim that had the
project ended, this would have terminated the agreement, but it would not have
resulted in the agreement being fully performed.  See Young, 917 S.W.2d at 511.

Although application of the statute of frauds is generally a
question of law, because the parties in this case disagreed on the terms of
their agreement, the intended duration of the contract was properly a fact
issue for the jury.  See Dech, 748
S.W.2d at 503.  Accordingly, the jury
answer was not immaterial on the ground that it involved a question of law, and
the trial court could not properly disregard it on that basis.  See Spencer, 876 S.W.2d at 157.

B.  Conclusive Proof

Appellees also claimed the jury finding should be disregarded
because the evidence conclusively established the contract could conceivably
have been performed within one year. 
When we review the grant of a motion to disregard on the ground that the
finding is unsupported by the evidence, we must consider all the evidence in
the light most favorable to the verdict, indulging every reasonable inference
in its favor.  Alm v. Aluminum Co. of
Am., 717 S.W.2d 588, 593 (Tex. 1986). 
If a jury answer has any support in the evidence, the trial court may
not disregard it.  Arch Const., Inc.
v. Tyburec, 730 S.W.2d 47, 51 (Tex. App.CHouston [14th Dist.] 1987, writ ref=d n.r.e.) 








Although appellees presented evidence that the contract would
have been fully performed when the project ended which could have happened
within one year, appellants presented conflicting evidence that the contract
would not have been fully performed had the project ended.  According to appellants= evidence, performance under the
contract would have been complete when the permit was issued, or when five
years had passed, and the granting of the permit would take a minimum of two
years.  Appellees presented no evidence
that the permitting process could possibly be completed within one year.  Viewing this evidence in the light most
favorable to the jury finding, there is some evidence to support the
finding.  Therefore, the trial court
could not properly disregard the jury finding on this ground.

C.  Exceptions to the Statute of Frauds

Appellees also asserted the jury finding was immaterial
because they conclusively proved two exceptions to the statute of frauds.  Appellees did not request a jury issue on any
statute of frauds exception.  Generally,
the party claiming an exception to the statute of frauds must secure a finding
to that effect.  Barbouti v. Munden,
866 S.W.2d 288, 295 (Tex. App.CHouston [14th Dist.] 1993, writ denied), overruled on
other grounds by Formosa Plastics Corp. USA v. Presidio Eng=rs & Contractors, Inc., 960 S.W.2d 41, 46 (Tex. 1998).  However, if the evidence conclusively
establishes an exception to the statute of frauds, the issue is not waived for
failing to obtain a finding.  See Tex. R. Civ. P. 279; Choi v.
McKenzie, 975 S.W.2d 740, 744 (Tex. App.CCorpus Christi 1998, pet. denied).  Therefore,
we will consider appellees= claims that they conclusively proved two exceptions.  

1.  Partial
Performance








First, appellees claimed they conclusively proved the
exception of partial performance.  In
certain situations, partial performance takes a contract out of the statute of
frauds when the party seeking enforcement of the contract partially
performed.  See Welch v. Coca‑Cola
Enters., Inc., 36 S.W.3d 532, 539 (Tex. App.CTyler 2000, pet. withdrawn); Hill
v. Heritage Res., Inc., 964 S.W.2d 89, 135 (Tex. App.CEl Paso 1997, pet. denied); see
also Exxon Corp. v. Breezevale Ltd., 82 S.W.3d 429, 439 (Tex. App.CDallas 2002, pet. denied).  

However, appellants contend that the trial court could not
have disregarded the jury finding on this ground because appellees failed to
plead this exception.  See Tex. R. Civ. P. 94; Mann v. NCNB
Texas Nat=l Bank, 854 S.W.2d 664, 668 (Tex. App.CDallas 1992, no writ) (holding that
the party invoking an exception to the statute of frauds must plead and prove
it).  Pleadings must give fair notice of
the defense asserted.  Crockett v.
Bell, 909 S.W.2d 70, 72 (Tex. App.CHouston [14th Dist.] 1995, no writ)
(citing Tex. R. Civ. P. 45).  A petition is sufficient if the defense
can be reasonably inferred from what is stated. 
Id. (citing Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex.
1993)).  In the absence of special
exceptions, we will construe the petition in favor of the pleader.  See Boyles, 855 S.W.2d at 601.

In the ANature of the Case@ section of appellees= petition, they stated that Landfill
Marketing Consultants Ahas received partial performance in the form of payments or
consideration.@ 
Even construing this allegation in favor of appellees, it was
insufficient to give notice of the defense of partial performance because
appellees, the parties seeking enforcement of the contract, did not allege
their partial performance, but only alleged performance by appellants. 








Appellees also claim that even if their pleadings were
insufficient, the matter was tried by consent because appellants did not object
to the admission of evidence of Szekelyhidi=s partial performance.  See Tex.
R. Civ. P. 67. An unpleaded issue may be deemed tried by consent when
evidence is developed under circumstances indicating both parties understood
the issue was in the case.  Frazier v.
Havens, 102 S.W.3d 406, 411 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).  To determine whether an issue was
tried by consent, the court must examine the record for evidence of the trial
of the issue, not just evidence of the issue. 
Stephanz v. Laird, 846 S.W.2d 895, 901 (Tex. App.CHouston [1st Dist.] 1993, writ denied).  Additionally, the doctrine of trial by
implied consent generally does not apply if the evidence supporting the issue
is relevant to other issues raised in the pleadings.  Sage St. Assocs. v. Northdale Constr. Co.,
863 S.W.2d 438, 446 (Tex. 1993).  Trial by consent is not intended to establish
a general rule of practice, and it should never be applied in a doubtful
situation.  Stephanz, 846 S.W.2d at
901.  

As appellees note, testimony was admitted without objection
that Szekelyhidi partially performed under the contract.  However, appellees pled a cause of action for
breach of contract.  The evidence of
Szekelyhidi=s partial performance was relevant to
this issue.  See Frost Nat=l Bank v. Burge, 29 S.W.3d 580, 593 (Tex. App.CHouston [14th Dist.] 2000, no pet.)
(noting an element of a breach of contract claim is performance or tender of
performance by the plaintiff). 
Therefore, the admission of evidence on Szekelyhidi=s partial performance does not
establish that the partial performance exception to the statute of frauds was
tried by consent.  See Sage St.
Assocs., 863 S.W.2d at 446.  Because
appellees did not plead or try the partial performance exception by consent,
they have waived it.

2.  Quasi-Estoppel








Appellees also contend they conclusively proved
quasi-estoppel as an exception to the statute of frauds.[4]  Under the general doctrine of quasi-estoppel,
a party is precluded from asserting to another=s disadvantage, a right that is
inconsistent with a position previously taken. 
Lopez v. Munoz, Hockerma & Reed, L.L.P., 22 S.W.3d 857, 864
(Tex. 2000).  The doctrine applies when
it would be unconscionable to allow a party to maintain a position that is
inconsistent with one from which he accepted a benefit.  Id. 
Appellees contend that because appellants accepted the benefit of
Szekelyhidi=s work and partially paid him for it,
they are now estopped from taking the inconsistent position that the agreement
is unenforceable under the statute of frauds.

Quasi-estoppel has not previously been applied in Texas as a
statute of frauds exception.  However,
one party=s acceptance of the benefits of the
other party=s performance has been addressed in
the statute of frauds context.  Cf.
id. (noting that acceptance of the benefits is a species of
quasi-estoppel).  The statute of frauds
defense is unavailable to a party who knowingly accepts the benefits of another
party=s full performance and partly
performs. 626 Joint Venture v. Spinks, 873 S.W.2d 73, 76 (Tex. App.CAustin, 1993 no writ); Estate of
Kaiser v. Gifford, 692 S.W.2d 525, 526 (Tex. App.CHouston [1st Dist.] 1985, writ ref=d n.r.e.).  This exception to the statute of frauds for
fully performed contracts is well settled under Texas law.  Frost Nat=l Bank, 29 S.W.3d at 595.  

We also note that outside the statute of frauds context,
quasi-estoppel has only been applied to bar a challenge to the validity of
fully performed contracts.  For example,
appellees cite Enochs v. Brown, in which the court held that under the
doctrine of quasi-estoppel, a party that had accepted the benefits of the other
party=s performance under a contract was
estopped from challenging its validity on the ground that the contract did not
comport with certain statutory requirements.  872 S.W.2d 312, 317 (Tex. App.CAustin, 1994, no writ), overruled
on other grounds by Roberts v. Williamson, 11 S.W.3d 113 (Tex. 2000).  However, the performing party in Enochs
had performed all the work related to the underlying contract.  See id. at 316.  Although the Enoch=s court did not address full performance as a
dispositive factor, another court later refused to apply Enochs where
the performing party had not fully performed. 
Tillery & Tillery v. Zurich Ins. Co., 54 S.W.3d 356, 359
(Tex. App.CDallas 2001, pet. denied).








The statute of frauds exception for fully performed contracts
is well settled under Texas law, and no case has held quasi-estoppel will bar a
challenge to the validity of a partially performed contract.  Therefore, we decline to hold that
quasi-estoppel will preclude application of the statute of frauds where one
party has accepted the benefits of the other party=s partial performance.[5]   Appellees have not claimed that Szekelyhidi
fully performed under the contract; they specifically claimed that he only
partially performed.  Therefore,
appellants failed to present conclusive proof establishing an exception to the
statute of frauds based on appellants= acceptance of the benefits, and the
trial court could not properly disregard the jury finding on this ground. 

III. 
Conclusion

The trial court erred in disregarding the jury finding on any
of the grounds raised in appellees= motion.  We sustain appellants= first and second issues.[6]  Because the trial court improperly
disregarded the jury finding, we reverse the judgment of the trial court and
render judgment based on the jury verdict. 
As a result of the jury=s finding, the oral contract was barred by the statute of
frauds and will not support a recovery for breach of contract.  See Tex.
Bus. & Com. Code Ann. ' 26.01.  Accordingly, we reverse the trial court=s judgment and render judgment that
appellees take nothing.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed June 17, 2004.

Panel consists of
Justices Anderson, Seymore, and Senior Chief Justice Murphy.[7]

 

 











[1]  This was the
second such project that Szekelyhidi and Parks developed together.





[2]  The parties
disagree over the intended length of this agreement.





[3]  Appellees
claim Parks also admitted at trial that the agreement would have been fully
performed had the project been abandoned. 
However, appellees= counsel asked Parks whether he would have continued
to pay Landfill Marketing Consultants had the project ended.  Parks replied, AI hate
to say it, but that=s a loaded question...If the project was dead, then
there would be no need to pay a consulting fee.@  Especially in light of Parks=s testimony and the other evidence presented by
appellants that under the terms of the agreement Szekelyhidi would consult on
the project until a permit was obtained, we construe Parks=s statement as an admission that the agreement would
have terminated, had the project ended.





[4]  Appellants
contend the trial court could not disregard the jury finding on this ground
because appellees did not include it in their pleadings.  However, appellees explicitly pled
quasi-estoppel in their petition.





[5]  We note that
partial performance of a contract already exists as an exception to the statute
of frauds.  See Exxon Corp., 82
S.W.3d at 439.  Certain conditions must
be met in order for this exception to apply. 
Id.  Recognizing
quasi-estoppel as an exception to the statute of frauds when one party
partially performed would eliminate any additional requirements under the
partial performance exception.  





[6]  In light of
our ruling on appellants= first and second issues, we need not consider
appellants= remaining issues. 






[7]  Senior Chief
Justice Paul C. Murphy sitting by assignment.