ACCEPTED
03-15-00034-CV
5080535
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/29/2015 12:08:27 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00034-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/29/2015 12:08:27 PM
JEFFREY D. KYLE
Clerk

JUAN O. LOPEZ d/b/a J.L. CONSTRUCTION CO.,
Appellant

v.

DAVE H. BUCHHOLZ and MARY A. BUCHHOLZ,
Appellees

On Appeal from the 274th Judicial District Court of Comal County, Texas
Cause No. C2014-0259C

**BRIEF OF APPELLANT**
**APPELLANT REQUESTS ORAL ARGUMENT**

Richard C. McSwain
Texas Bar No. 24002588
Adam J. Richie
Texas Bar No. 24064164
Ryan T. Kinder
Texas Bar No. 24065560
Jamie Cohen
Texas Bar No. 24054524
COATS | ROSE
1020 Northeast Loop 410, Suite 800
San Antonio, Texas 78209
(210) 224-7098 Telephone
(210) 212-5698 Facsimile
ATTORNEYS FOR APPELLANT

4851-8480-4643.v1

## IDENTITY OF PARTIES AND COUNSEL

In compliance with Rule 38.1(a), Appellant provides the following list of the parties to the trial court judgment and order at issue, and the names and addresses of trial and appellate counsel for the parties:

**Appellants:**
Juan O. Lopez d/b/a J.L. Construction Co.

Represented by:
COATS | ROSE
Richard C. McSwain
Adam J. Richie
Ryan T. Kinder
Jaime Cohen
1020 Northeast Loop 410, Suite 800
San Antonio, Texas 78209
(210) 224-7098 Telephone
(210) 212-5698 Facsimile

**Appellees:**
Dave H. Buchholz
Mary A. Buchholz

Represented by:
VETHAN LAW FIRM, PC
Charles M.R. Vethan
Joseph L. Lanza
J. Seth Grove
8700 Crownhill Blvd, Suite 302
San Antonio, Texas 78217
Telephone: (210) 824-2220
Facsimile: (210) 826-2223

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

INDEX OF AUTHORITIES............................................................................ iv

APPENDIX ..................................................................................................... x

STATEMENT OF THE CASE......................................................................... 1

DESIGNATION OF RECORD REFERENCES ................................................ 4

STATEMENT REGARDING ORAL ARGUMENT...................................... 5

ISSUES PRESENTED.................................................................................... 6

STATEMENT OF FACTS ............................................................................. 7

SUMMARY OF THE ARGUMENT ............................................................ 12

ARGUMENT AND AUTHORITIES............................................................ 14

    I.    The Trial Court Erred In Sustaining the Buchholzes' Objections to the Affidavits of Lopez and Preiss........................................ 14

        A.    Standard of Review................................................................ 14

        B.    The affidavits, even if self-serving, were competent summary judgment evidence ................................................................ 15

        C.    The Lopez affidavit was admissible as evidence that Dave H. Buchholz made a $5,000 payment..................................... 17

        D.    The Lopez affidavit is not conclusory ................................. 20

        E.    The Preiss affidavit was not conclusory ............................. 26

        F.    The trial court's error in the exclusion of the Lopez and Preiss affidavits probably caused the rendition of an improper summary judgment award................................................... 28

    II.    The Trial Court Erred in Granting Summary Judgment...................... 28

        A.    Standard of Review................................................................ 29

        B.    The trial court erred in granting summary judgment on Lopez's breach of contract claim because Lopez presented evidence of

4851-8480-4643.v1

an agreement with the Bucchholzes for the driveway, sidewalk, and flagstone work raising genuine issues of material fact. .......... 31

C.    Lopez presented evidence showing that he provided valuable services for the Buchholzes, that the Buchholzes accepted these services without payment, such that the trial court erred in granting summary judgment on Lopez's quantum meruit claim... 39

D.    The evidence presents a genuine issue of fact as to whether Lopez has a constitutional lien, and the trial court erred in granting summary judgment on Lopez's lien foreclosure claim and the Buchholzes' declaratory judgment claim.......................... 43

E.    Alternatively, even if this Court affirms the trial court's ruling on the objections to Lopez's summary judgment evidence, the summary judgment record still contains conflicting evidence raising genuine issues of material fact as to Lopez's claims. ........ 45

III.    The trial court erred in awarding attorneys' fees on this affirmative claim for relief because the Buchholzes failed to meet their burden of showing how their declaratory judgment claim involved an issue not already at issue in Lopez's original claims ..................................... 47

CONCLUSION ........................................................................................ 49

PRAYER ................................................................................................. 49

CERTIFICATE OF COMPLIANCE ..................................................... 51

CERTIFICATE OF SERVICE .............................................................. 52

4851-8480-4643.v1

# INDEX OF AUTHORITIES

## Cases

*1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital,* 192 S.W.3d 20 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)..................................21

*Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.,* 249 S.W.3d 380 n. 32 (Tex. 2008)..................................21

*Bastida v. Aznaran,* 444 S.W.3d 98 (Tex. App.—Dallas 2014, no pet.)...............21

*Behr Southerland Construction, Inc. v. H.W. Wahlers, Inc.,* No. 04-00-00679-CV, 2001 WL 729292 (Tex. App.—San Antonio June 29, 2001)..............................24

*BHP Petroleum Co. v. Millard,* 800 S.W.2d 838 (Tex. 1990) ..............................47

*Boswell v. Farm & Home Savings Ass'n,* 894 S.W.2d 761 (Tex. App.—Fort Worth 1994, writ denied)..................................22

*Bradford Partners II, L.P. v. Fahning,* 231 S.W.3d 513 (Tex. App.—Dallas 2007, no pet.) ..................................14

*Breitenfeld v. SAS Institute, Inc.,* 147 S.W.3d 672 (Tex. App.—Dallas 2004, no pet.) ..................................48

*Brooks v. Excellence Mortgage, Ltd.,* No. 04-13-00106-CV, 2015 WL 1523067, at *8 (Tex. App.—San Antonio Apr. 1, 2015)..................................16

*Campbell v. Nw. Nat'l Life Ins. Co.,* 573 S.W.2d 496 (Tex. 1978)........................39

iv

4851-8480-4643.v1

*Casso v. Brand*, 776 S.W.2d 551 (Tex. 1989) ..................................................... 24

*Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455 (Tex. App.—Dallas 2006, pet. denied) ...................................................... 32

*City of Ingleside v. Stewart*, 554 S.W.2d 939 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) ...................................................... 39

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) ........................................... 31

*Coats v. Ruiz*, 198 S.W.3d 863 (Tex. App.—Dallas 2006, no pet.) ...................... 18

*Cockrell v. Republic Mortgage Ins. Co.*, 817 S.W.2d 106 (Tex. App.—Dallas 1991, no writ) ...................................................... 19

*CVN Group, Inc. v. Delgado*, 95 S.W.3d 234 (Tex. 2002) .................................... 44

*Da–Col Paint Mfg. Co. v. American Indem. Co.*, 517 S.W.2d 270 (Tex.1974) ..... 44

*De La Morena v. Ignenieria E Maquinaria De Guadalupe, S.A.*, 56 S.W.3d 652 (Tex. App.—Waco 2001, no pet.) ...................................................... 16

*DeWoody v. Rippley*, 951 S.W.2d 935 (Tex. App.—Fort Worth 1997, writ dism'd) ...................................................... 16

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985) ................. 15

*Earle v. Ratliff*, 998 S.W.2d 882 (Tex. 1999) ...................................................... 21

*Fieldtech Avionics & Instruments, Inc. v. ComponentControl.com, Inc.*, 262 S.W.3d 813 (Tex. App.—Fort Worth 2008, no pet. ...................................................... 16

*FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868 (Tex. 2000) ............. 31

v

*Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394 (Tex. 1989).......................... 15

*Gerstacker v. Blum Consulting Eners, Inc.*, 884 S.W.2d 845 (Tex. App.—Dallas 1994, writ denied).......................................................................................... 37

*Haase v. Glazner*, 62 S.W.3d 795 (Tex. 2001)............................................................ 36

*HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622 (Tex. App.—Austin 1992, writ denied)........................................................................................... 47

*Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39 (Tex. 1992) ............... 40

*Heritage Life v. Heritage Grp. Holding*, 751 S.W.2d 229 (Tex. App.—Dallas 1988, writ denied)........................................................................................................ 47

*Horan v. Frank*, 51 Tex. 401 (1879)............................................................................ 44

*In re J.P.B.*, 180 S.W.3d 570 (Tex. 2005) ................................................................ 14

*In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732 (Tex. 2005)............................ 39

*Jackman v. Jackman*, 533 S.W.2d 361 (Tex. Civ. App.—San Antonio 1975, no writ)......................................................................................................................... 19

*Johnston v. Kruse*, 261 S.W.3d 895 (Tex. App.—Dallas 2008, no pet.).......... 24, 40

*Kalmus v. Oliver*, 390 S.W.3d 586 (Tex. App.—Dallas 2012, no pet.) ................. 37

*Krishnan v. Law offices of Preston Henrichson, P.C.*, 83 S.W.3d 295 (Tex. App.—Corpus Christi 2002, pet. denied)................................................................... 45

*Landers v. State Farm Lloyds*, 257 S.W.3d 740 (Tex. App.—Houston [1st dist.] 2008, no pet.) ...................................................................................................... 48

4851-8480-4643.v1

*Lennar Corp. v. Great Am. Ins. Co.*, 200 S.W.3d 651 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ..................................................................................... 31

*McCraw v. Maris*, 828 S.W.2d 756 (Tex. 1992) ........................................ 15

*McMahan v. Greenwood*, 108 S.W.3d 467 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ..................................................................................................... 31

*Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex. 1987) ..................... 23

*Miller v. Riata Cadilla Co.*, 517 S.W.2d 773 (Tex. 1974) ............................. 37

*Moore v. K Mart Corp.*, 981 S.W.2d 266 (Tex. App.—San Antonio 1998, pet. denied) ..................................................................................................... 30

*Niday v. Niday*, 643 S,W,2d 919 (Tex. 1982) (per curiam) .......................... 37

*Owens v. Ousey*, 241 S.W.3d 124 (Tex. App.—Austin 2007, pet. denied) ........... 47

*PGP Gas Products, Inc. v. Reserve Equip., Inc.*, 667 S.W.2d 604 (Tex. App.—Austin 1984, writ ref'd n.r.e.) ..................................................................... 32

*Powell v. Stover*, 165 S.W.3d 322 (Tex. 2005) ......................................... 15

*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003) ........... 30

*Renteria v. Trevino*, 79 S.W.3d 240 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ................................................................................................. 32, 38

*Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192 (Tex. App.—Fort Worth 2006, no pet.) .................................................................... 27, 33, 40, 41

*Ryland Group v. Hood*, 924 S.W.2d 120 (Tex. 1996) .................................. 21

4851-8480-4643.v1

*Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471 (Tex. 1995) ..................................... 48

*Thomas v. Thomas,* 902 S.W.2d 621 (Tex. App.—Austin 1995, writ denied). 47, 48

*Triland Investment Group. v. Tiseo Paving Co.*, 748 S.W.2d 282 (Tex. App.—
    Dallas 1988, no writ) ......................................................... 22

*Vortt Exploration Co. v. Chevron USA, Inc.*, 787 S.W.2d 942 (Tex. 1990) .... 39, 40

*Walker v. Harris*, 924 S.W.2d 375 (Tex. 1996) ......................................... 31

*Young v. Ward*, 917 S.W.2d 506 (Tex. App.—Waco 1996, no writ) ..................... 37

**Statutes**

RESTATEMENT (SECOND) OF CONTRACTS § 131 cmt. c (1981) ............................... 36

TEX. BUS. & COMM. CODE § 26.01(a) ...................................................... 36

TEX. BUS. & COMM. CODE § 26.01(b)(6) ................................................... 37

TEX. CONST. art. XVI, § 37 .............................................................. 43, 44

TEX. PROP. CODE § 53.001 ................................................................ 43

**Other Authorities**

BLACK'S LAW DICTIONARY 308 (8th ed. 2004) .............................................. 21

**Rules**

TEX. R. APP. P. 38.1(e) ................................................................................ 5

TEX. R. APP. P. 39.1(c) ................................................................................ 5

TEX. R. APP. P. 39.1(d) ............................................................................... 5

TEX. R. APP. P. 44.1(a)(1) ......................................................................... 15

TEX. R. CIV. P. 166a(c) ........................................................................ 15, 30

TEX. R. CIV. P. 166a(i) .............................................................................. 30

TEX. R. EVID. 1002 .................................................................................... 18

TEX. R. EVID. 801(e)(2)(A) ....................................................................... 27

4851-8480-4643.v1

# APPENDIX

**Tab**

1) Affidavit of Juan O. Lopez (C.R. 189–190).

2) Invoices for unpaid work (C.R. 191).

3) Affidavit of Scott Preiss (C.R. 192–193).

4) Order Granting Defendants Dave H. Buchholz and Mary A. Buchholz's Motion for Summary Judgment dated December 12, 2014 (C.R. 216–217).

5) Final Judgment dated January 14, 2015 (C.R. 240–241).

4851-8480-4643.v1

## STATEMENT OF THE CASE

**Nature of the Case:** Appellant Juan O. Lopez d/b/a J.L. Construction Co. ("Lopez") brought suit against Appellees Dave H. Buchholz and Mary A. Buchholz (the "Buchholzes") for payment in the amount of $27,584.80 for the construction of a driveway, sidewalk, and flagstone walkway at the Buchholzes' home. (C.R. 1–12). Lopez asserted claims for suit on a sworn account, breach of oral contract, quantum meruit, and foreclosure of constitutional lien, and sought the recovery of attorneys' fees. *Id.* The Buchholzes filed a counterclaim, seeking a declaratory judgment that Lopez was not entitled to a constitutional lien and recovery of the attorneys' fees they incurred in prosecuting that claim. (C.R. 40–41). The Buchholzes also filed third-party claims against the general contractor, Scott Preiss ("Preiss"), and another subcontractor for breach of contract and declaratory judgment, respectively. (C.R. 39–41).

**Course of Proceedings and Disposition:** On October 17, 2014, the Buchholzes moved on traditional and no-evidence grounds for summary judgment on all of Lopez's claims on the basis that (1) there was no agreement between the parties, (2) the work Lopez performed was done pursuant to the Buchholzes' contract with the Preiss, the general contractor, and not directly for the Buchholzes, and (3) there was no evidence supporting one or more elements of each of Lopez's claims. (C.R. 105–166). Lopez filed a Response on November 5, 2014, attaching

1

4851-8480-4643.v1

his own affidavit and that of Preiss, showing that the work for which Lopez sought payment was extra work outside of his duties as a subcontractor to Preiss and was performed directly for the Buchholzes. (C.R. 178–193). The Buchholzes objected to portions of these affidavits on the basis that some of the statements were conclusory and self-serving. (C.R. 197–200). The Buchholzes specifically objected that the Lopez affidavit made references to a check was not produced in response to a request for production, and was not the "best evidence." (C.R. 197). Oral hearing on the summary judgment motion was held on November 12, 2014. (2 R.R. 4:2–12:8).

On December 12, 2014, the trial court sustained all of the Buchholzes' objections to Lopez's summary judgment evidence and granted the Buchholzes' motion for summary judgment. (APP. 4; C.R. 216–217). The trial court's order also entered a declaratory judgment that "Juan O. Lopez is not entitled to a constitutional mechanics and materialman's lien pursuant to the Texas Constitution, Article 16, Section 37" and awarded the Buchholzes attorneys' fees in the amount of $20,853.84, plus costs and interest. *Id.*

Lopez filed a motion for rehearing and reconsideration of the summary judgment and the sustaining of the Buchholzes' objections to the affidavits of Lopez and Preiss. (C.R. 218–221). The trial court denied this motion on January 14, 2015. (C.R. 237). The trial court then severed all claims from and against

2

Lopez (C.R. 242–243), and entered a final judgment against Lopez mirroring the December 12, 2014 summary judgment order. (APP. 5; C.R. 240–241).

Lopez filed his notice of appeal of the order granting summary judgment and sustaining the objections to summary judgment evidence on January 12, 2015. (C.R. 229–230). Lopez filed his amended notice of appeal on February 11, 2015. (C.R. 250–251).

4851-8480-4643.v1

## DESIGNATION OF RECORD REFERENCES

The record in this appeal consists of the clerk's record filed on March 30, 2015 and the reporter's record filed on February 27, 2015. This appellate brief uses the following conventions in citing the record and appendix:

Clerk's Record:

C.R. [page]

Reporter's Record:

[volume] R.R. [page]:[line]

Appendix:

APP. [tab number]

4851-8480-4643.v1

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument has been requested for the following reasons:

1. Oral argument would give the Court a more complete understanding of the facts presented on this appeal. *See* TEX. R. APP. P. 39.1(c).

2. Oral argument would allow the Court to better analyze the legal issues presented. *See* TEX. R. APP. P. 39.1(c).

3. Oral argument would significantly aid the Court in deciding this case. *See* TEX. R. APP. P. 38.1(e), TEX. R. APP. P. 39.1(d).

5

## ISSUES PRESENTED

1. Did the trial court abuse its discretion in sustaining the Buchholzes' objections to Lopez's summary judgment evidence?

2. Did the trial court err in granting summary judgment on Lopez's suit on a sworn account, breach of contract, quantum meruit, and constitutional lien claims where Lopez presented affidavits and evidence that the Buchholzes requested him to construct a driveway, sidewalk and flagstone at their home, but failed to pay him for such work?

3. Alternatively, notwithstanding the fact the trial court sustained Buchholzes' objections to the affidavits of Lopez and Preiss, did Lopez nevertheless present sufficient evidence in support of his claims such that the trial court erred in granting summary judgment?

4. Did the trial court improperly award the Buchholzes attorneys' fees for their declaratory judgment counterclaim when the declaratory judgment involved issues already raised by Lopez in his claims and Texas law precludes the recovery of attorneys' fees on such mirror-image counterclaims for declaratory judgment?

4851-8480-4643.v1

## STATEMENT OF FACTS

**A.  The Buchholzes failed to pay Lopez for the driveway, sidewalk and flagstone work that was performed directly for the Buchholzes and was not part of the original subcontracting work on the Buchhholzes' home.**

The Buchholzes hired Scott Preiss ("Preiss") to build the Buchholzes' home at 840 Haven Point Loop, New Braunfels, Texas, and the parties entered into a contract for this construction on November 30, 2012 ("Original Contract"). (C.R. 35); (C.R. 108); (C.R. 127–131). Preiss in turn hired Lopez as a subcontractor on the project to construct the slab for the Buchholzes' home. (C.R. 36); (C.R. 108); (C.R. 132); (C.R. 138). Lopez invoiced Preiss for the slab work on February 16, 2013. (C.R. 132). Preiss then took a draw on the Buchholzes' construction loan to pay Lopez for the slab work. (C.R. 137–140). Preiss paid Lopez on March 1, 2013, for this slab work. (C.R. 149).

After the slab was completed, Lopez performed framing as well as stone and stucco work on the Buchholzes' home, also as a subcontractor through Preiss. (C.R. 136). Lopez invoiced Preiss for this work by May 28, 2013. *Id*. Preiss paid Lopez for this work with a check on April 15, 2013, and two more checks on May 31, 2013. (C.R. 151–156). The April 15 check noted that it was for framing labor. (C.R. 151–152). The May 31 checks noted that they were for "rock/stucco." (C.R. 153–156).

7

4851-8480-4643.v1

By July 1, 2013, approximately eighty-four percent (84%) of the home was completed. (C.R. 38). It was after most of the home was completed and months after Lopez had finished and been paid for his work as a subcontractor of Preiss, that Dave H. Buchholz directly requested Lopez to construct a driveway, sidewalk and some flagstone work at the Buchholzes' home. (APP. 1 and 2; C.R. 189–191); (APP. 3; C.R. 192–193). The Original Contract between the Buchholzes and Preiss for the construction of the home did not include the installation of a driveway, sidewalk, or flagstone work in the scope of work. (APP. 3; C.R. 192–193); (C.R. 127–131). The driveway, sidewalk and flagstone work were additional work the Buchholzes hired Lopez directly to perform. (APP. 1-3; C.R. 189–193). This additional work was not requested through Preiss, and Preiss did not agree to pay Lopez for this work. (APP. 3; C.R. 192–193). There was no agreement between Preiss and Lopez for this work. *Id.*

Lopez constructed the driveway and sidewalk and performed flagstone work for the Buchholzes in accordance with the instructions received from Dave H. Buchholz. (APP. 1; C.R. 190). Lopez invoiced the Buchholzes for the amounts owed for this work. (APP. 1 and 2; C.R. 189–191). Lopez's invoices for this additional work reflected that it was performed for "840 Haven Point Loop"—the Buchholzes' home. (C.R. 162); (APP. 2; C.R. 191). The first invoice was undated and the second invoice was dated October 7, 2013. *Id.* The first invoice was for

8

"Flagstone in the porch and steps, cover with flagstone bench 2.07 x 9.00." *Id.* The total amount of the first invoice was $11,388.00. *Id.* The second invoice was for "Driveway 6178' x. 3.00" and "Seventeen Steps (75.00 each), steel pipe, remove steel pipe to adjacent land..." *Id.* The total amount for the work identified in the second invoice was $21,196.80. *Id.* However, prior to issuance of the invoices, Dave H. Buchholz paid Lopez $5,000 on August 22, 2013 as a partial payment for this work. (APP. 1 and 2; C.R. 190–191). Accordingly, the second invoice reflects a $5,000.00 credit corresponding to this payment by Mr. Buchholz, resulting in a total balance due of $16,196.80. *Id.* The total amount charged for the flagstone and driveway work on these two invoices was $27,584.80. *Id.* The invoices were submitted to the Buchholzes for payment on or about October 7, 2013. (APP. 1; C.R. 190). The Buchholzes did not pay the amounts owed for the additional work performed by Lopez.

**B. Procedural History**

Lopez sent a demand letter to the Buchholzes on January 30, 2014, requesting immediate payment of the $27,584.80 still owed for the "driveway and porch flagstone" work performed for the Bucchholzes' home. (C.R. 163). After the Buchholzes refused to pay the amount owed, Lopez filed suit alleging claims for suit on a sworn account, breach of the parties' oral contract for the driveway,

9

sidewalk and flagstone work, quantum meruit, and seeking to foreclose on his constitutional lien. (C.R. 5–12).

The Buchholzes answered and later brought third-party claims against Preiss and another subcontractor.[1] (C.R. 32–48). The Buchholzes also asserted a counterclaim against Lopez, seeking a declaratory judgment that Lopez's constitutional lien was void. *Id.*

On October 17, 2014, the Buchholzes filed a Traditional and No-Evidence Motion for Summary Judgment on each of Lopez's claims. (C.R. 105–166). The Buchholzes also filed a motion for summary judgment on their declaratory judgment claim that Lopez's constitutional lien was void and sought attorneys' fees. (C.R. 123–124).

Lopez filed his Response on November 5, 2014,[2] attaching as evidence affidavits from Lopez and Preiss and the invoice for the driveway, sidewalk and flagstone work. (C.R. 178–193). The day before the oral hearing, the Buchholzes filed objections to some of the statements in the affidavits of Lopez and Preiss alleging that they were conclusory and self-serving, and for failure to produce the $5,000 check from Dave H. Buchholz referenced in Lopez's affidavit. (C.R. 197–

---

[1] The Buchholzes later non-suited the claims against the other subcontractor. (C.R. 194–195).
[2] The Response was filed three (3) days after undersigned counsel appeared as counsel for Lopez following his prior counsel's withdrawal. (C.R. 171–177).

10

200). Counsel argued the merits of the objections at the oral hearing before the trial court on November 12, 2014. (2 R.R. 4:2–12:8).

The trial court signed an order on December 12, 2014, sustaining the Buchholzes' objections to Lopez's summary judgment evidence and entering a general order granting the Buchholzes' summary judgment motion. (APP. 4; C.R. 216–217). The trial court did not specify the basis for the summary judgment. *Id.* The trial court's order included a declaration that Lopez was not entitled to a constitutional lien and awarded the Buchholzes attorneys' fees in the amount of $20,853.84, plus interest. *Id.*

11

## SUMMARY OF THE ARGUMENT

Lopez presented the trial court with affidavits by himself and Preiss supporting his claims by showing the existence of an agreement with the Buchholzes for the driveway, sidewalk, and flagstone work that Lopez performed on the Buchholzes' home and for which he has not been paid. These affidavits, along with Lopez's invoices for the work and the remainder of the summary judgment record, present a genuine issue of material fact as to whether an express or implied agreement existed between Lopez and the Buchholzes such that summary judgment could not be granted as to Lopez's breach of contract, quantum meruit, and/or constitutional lien claims. However, the trial court erroneously sustained the Buchholzes' objections to Lopez's and Preiss' affidavits, excluding much of their testimony from the summary judgment record. This error led to rendition of an improper summary judgment. The trial court's error in excluding this evidence and in granting summary judgment should therefore be reversed.

Alternatively, the trial court erred in granting summary judgment despite sustaining the Buchholzes' objections to the Lopez and Preiss affidavits. The statements of Lopez that were not objected to, Lopez's invoices, and the evidence presented by the Buchholzes, create a fact issue on their own as to whether an implied agreement existed between the parties that would support Lopez's quantum meruit claim.

4851-8480-4643.v1

Finally, regardless of any other issue on appeal, the trial court's award of attorneys' fees to the Buchholzes on their declaratory judgment claim must be reversed. This counterclaim for a declaratory judgment is a mirror-image of Lopez's constitutional lien claim, and the Buchholzes cannot recover their attorneys' fees for such a claim as a matter of law.

4851-8480-4643.v1

## ARGUMENT AND AUTHORITIES

**I.**    **The Trial Court Erred In Sustaining the Buchholzes' Objections to the Affidavits of Lopez and Preiss.**

The Buchholzes objected to certain statements contained in the Lopez and Preiss affidavits, arguing that they were self-serving and conclusory and made reference to documents not produced during discovery. Contrary to the Buchholzes' objections, however, each of the statements constituted competent summary judgment evidence. The trial court therefore abused its discretion by sustaining all of the Buchholzes' objections and excluding the affidavit testimony proffered by Lopez and Preiss. As is further explained in Section II below, the testimony was sufficient to raise a fact issue on each element of Lopez's claims and thus, its exclusion resulted in the improper rendition of summary judgment in favor of the Buchholzes.

### A. Standard of Review

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A decision sustaining objections to summary judgment evidence is similarly reviewed for an abuse of discretion. *Bradford Partners II, L.P. v. Fahning*, 231 S.W.3d 513, 521 (Tex. App.—Dallas 2007, no pet.). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules

14

and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, Lopez must show the trial court's error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex. 1992); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

**B. The affidavits, even if self-serving, were competent summary judgment evidence.**

The Buchholzes objected to the Lopez and Preiss affidavits as "self-serving" because the affidavits were made by "interested witnesses." (C.R. 198-200). Pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure, the authority relied upon by the Buchholzes in support of their objections, "[a] summary judgment may be based on uncontroverted testimonial evidence of an interested witness…if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). As the Buchholzes correctly noted, testimony that does not meet these requirements cannot support a summary judgment. (C.R. 198). However, the testimony of Lopez and Preiss was not offered *to support* a motion for summary judgment and thus, the propriety of the

15

Lopez and Preiss affidavits was not subject to the requirements of Rule 166a(c). *De La Morena v. Ignenieria E Maquinaria De Guadalupe, S.A.*, 56 S.W.3d 652, 658 (Tex. App.—Waco 2001, no pet.) (holding that Rule 166a(c) refers to the evidence on which a summary judgment "may be based" and does not apply to a non-movant's affidavit); *Brooks v. Excellence Mortgage, Ltd.*, No. 04-13-00106-CV, 2015 WL 1523067, at *8 (Tex. App.—San Antonio Apr. 1, 2015) (stating that affidavits made by self-interested non-movant witnesses need not meet the requirements of Rule 166a(c)).

According to established Texas law, "while testimony from an interested witness cannot serve as a basis for granting summary judgment..., it is enough to create a fact issue that justifies denying summary judgment." *Fieldtech Avionics & Instruments, Inc. v. ComponentControl.com, Inc.*, 262 S.W.3d 813, 827 (Tex. App.—Fort Worth 2008, no pet.); *see also DeWoody v. Rippley*, 951 S.W.2d 935, 945–46 (Tex. App.—Fort Worth 1997, writ dism'd) ("Although insufficient to establish a right to judgment as a matter of law, testimony from an interested witness submitted as controverting evidence by a non-movant may raise a fact issue precluding summary judgment."). Where, as here, Lopez "sought only to raise a fact issue and defeat summary judgment, rather than negate a fact issue and obtain summary judgment," the Lopez and Preiss affidavits were competent summary judgment evidence. *Fieldtech*, 262 S.W.3d at 827. Accordingly, the trial

16

court abused its discretion by sustaining the Buchholzes' "self-serving" objections and excluding the statements made by Lopez and Preiss from evidence on this basis.

### C. The Lopez affidavit was admissible as evidence that Dave H. Buchholz made a $5,000 payment.

Paragraphs 5 and 6 of the Lopez affidavit stated that Dave H. Buchholz made a partial payment of $5,000.00 for certain construction work and that the payment "was paid directly by Dave H. Buchholz on August 22, 2013, under his personal bank account." (APP. 1; C.R. 189–190). The Buchholzes objected to these statements pursuant to Rule 193.6 of the Texas Rules of Civil Procedure, which provides that when a party fails to respond or supplement his response to a discovery request, the trial court may exclude any evidence that he was under a duty to provide. TEX. R. CIV. P. 193.6(a). The Buccholzes argued that Lopez's failure to produce a $5,000.00 check in response to a previous request for production of "[a]ll documents reflecting payments from Defendant to Plaintiff," precluded him from introducing into evidence any testimony related to such check. (C.R. 197–198).

The Buchholzes mischaracterized the statements in the Lopez affidavit. The statements referred to a $5,000 payment and not a $5,000 check. (APP. 1; C.R. 189–190). Lopez timely produced an invoice for the construction work at issue,

17

which showed a $5,000 line item deduction from the total amount charged. (APP. 2; C.R. 191). The invoice—a document reflecting a $5,000 payment from Dave H. Buchholz to Lopez—was responsive to the referenced request for production, and the statements in the Lopez affidavit were offered as evidence of that $5,000 payment. (APP. 1 and 2; C.R. 189–191). The purported failure to produce a $5,000 check in response to discovery was irrelevant because Lopez did not seek to introduce evidence of a $5,000 check. Under these circumstances, Rule 193.6, which concerns only the admissibility of evidence that was not previously identified, simply does not apply. The trial court therefore abused its discretion in sustaining the Buchholzes' Rule 193.6 objection and striking Lopez's testimony pertaining to the $5,000 payment.

Although couched as an objection under Texas Rule of Civil Procedure 193.6, the Buchholzes essentially complained that any testimony concerning the $5,000 payment would violate the best evidence rule because the $5,000 check was the best evidence of such payment. Under the best evidence rule, the original writing is required to prove the contents of a document. TEX. R. EVID. 1002. However, the rule does not apply where a party is not attempting to prove the contents of a document, but seeks only to establish the existence of a document. *Coats v. Ruiz*, 198 S.W.3d 863, 875 (Tex. App.—Dallas 2006, no pet.) (affidavit stating that adjuster wrote letters to inform insureds that he would be handling their

18

claims did not violate best evidence rule because it showed that adjuster communicated with insureds and was not offered to prove the letters' contents).

Further, Texas courts have consistently held that "[e]vidence to the effect that a payment has been made is admissible without introduction of the check given in payment." *Cockrell v. Republic Mortgage Ins. Co.*, 817 S.W.2d 106, 112 (Tex. App.—Dallas 1991, no writ) (citing *Jackman v. Jackman*, 533 S.W.2d 361, 362 (Tex. Civ. App.—San Antonio 1975, no writ)). In *Jackman*, a suit seeking an upward modification of child support payments, the plaintiff-mother testified as to the monthly expenses of "keeping" each of her four children. *Jackman*, 53 S.W.2d at 362. The defendant-father objected that her testimony should have been excluded under the best evidence rule, arguing that the bills and cancelled checks concerning such expenses were the best evidence of the amounts incurred for the upkeep of the children. *Id.* The court rejected his contention, explaining that the best evidence rule did not apply since the mother's testimony was not offered to prove the contents of the bills and checks referenced therein. *Id.* Because the mother "was a participant in all of the transactions to which her testimony related, and her testimony was not based on records or memoranda prepared by another," the Court held that her testimony was admissible evidence of the payments made on behalf of her children. *Id.*

19

Consistent with the foregoing case law, Lopez's statement that Dave H. Buchholz paid $5,000 directly from his personal bank account should have been admitted. Lopez was the recipient of the payment and his testimony was offered solely as evidence that the payment came directly from Dave H. Buchholz, not to prove the contents of the check constituting such payment. For this reason, too, the trial court's exclusion of all references to the $5,000 payment in the Lopez Affidavit was an abuse of discretion.

**D. The Lopez affidavit is not conclusory.**

The Buchholzes objected that the following statements in the Lopez affidavit were conclusory, complaining that they lacked factual support, represented Lopez's "subjective belief," were not easily controverted by the Buchholzes, or constituted a "legal conclusion":

| | |
|---|---|
| Paragraph 4: | The work for which J.L. Construction Co. seeks payment was performed in a good and workmanlike manner at the direct request of Dave H. Buchholz. |
| Paragraph 5: | Dave H. Buchholz approved the work. |
| Paragraph 7: | The work was performed in accordance with the instruction given by Dave H. Buchholz to me [Lopez] on behalf of J.L. Construction Co. |
| Paragraph 8: | The prices charged were the reasonable and necessary value of the work performed. |

20

(C.R. 198–199); (APP. 1; C.R. 189–190). Contrary to the Buchholzes' objections, these statements are not conclusory.

A conclusory statement is one "expressing a factual inference without stating the underlying facts on which the inference is based." *Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n. 32 (Tex. 2008) (citing BLACK'S LAW DICTIONARY 308 (8th ed. 2004)); *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 27 (Tex. App.— Houston [14th Dist.] 2005, pet. denied); *Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex. 1999) (a witness's affidavit is conclusory if it fails to explain the basis of the witness' statements to link his conclusions to the facts). Conclusory statements in affidavits are not sufficient to raise a fact issue so as to preclude summary judgment because they are not credible or susceptible to being readily controverted. *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). However, logical conclusions based on stated underlying facts are proper. *Bastida v. Aznaran*, 444 S.W.3d 98, 105 (Tex. App.—Dallas 2014, no pet.) (distinguishing between facts and conclusions).

Lopez averred that the statements in his affidavit were based on the personal knowledge he obtained in his capacity as the sole proprietor of J.L. Construction Co., a role which required him to perform all of the company's administrative and operations activities. (APP. 1; C.R. 189). Based on this personal knowledge, Lopez

21

attested that the work for which he sought payment from the Buchholzes was performed at the direct request of Dave H. Buchholz, in accordance with the instructions given to him by Dave H. Buchholz, and approved by Dave H. Buchholz. *Id.* These statements were neither conclusions nor subjective opinions, as the Buchholzes asserted. They were direct and unequivocal statements of fact founded upon Lopez's personal knowledge of the work and his personal interactions with Dave H. Buchholz. *See Boswell v. Farm & Home Savings Ass'n,* 894 S.W.2d 761, 768 (Tex. App.—Fort Worth 1994, writ denied) ("A person's position or job responsibilities can peculiarly qualify him to have personal knowledge concerning each of the facts in the supporting affidavit.").

The Dallas Court of Appeals considered analogous statements made by a paving company's project administrator in a summary judgment affidavit. *Triland Investment Group. v. Tiseo Paving Co.,* 748 S.W.2d 282, 284 (Tex. App.—Dallas 1988, no writ). The affidavit in that case described the occurrences leading to the litigation, stating that the defendant-customer entered into a contract for paving services, the work was completed, and $297,711.60 became due but was unpaid. *Id.* The Court held that the statements were "neither conclusions, nor unilateral subjective opinions," but rather "constitute a factual account of events which are proper summary judgment proof." *Id.*

22

Like the statements made by the project administrator in *Triland*, the statements made by Lopez also constitute a factual account of events to which he was a party and, thus, are competent summary judgment evidence. Contrary to the Buchholzes' unsupported argument, the fact that Lopez did not also testify as to the time, method, and manner of Dave H. Buchholz's request, the substance of his instructions, or the form of his "approval" did not make the factual statements contained in his affidavit conclusory and was immaterial to the admissibility of such statements. (C.R. 199)

Lopez's statement that the work was done in a good and workmanlike manner also was not conclusory. The Texas Supreme Court has defined "good and workmanlike as that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354–55 (Tex. 1987). As the sole proprietor of his construction company, and the person charged with performing all of the company's administrative and operations activities, Lopez was capable of judging whether the work at issue was generally proficient and as such, his statement that it was performed in a "good and workmanlike manner" is a fact, not merely a conclusion. *See Behr Southerland Construction, Inc. v. H.W. Wahlers, Inc.*, No. 04-00-00679-CV, 2001 WL 729292,

23

at *2 (Tex. App.—San Antonio June 29, 2001) (holding plaintiff-general contractor's assertion that defendant-subcontractor did not complete the work in a good or workmanlike way to be a fact rather than a conclusion).

Similarly, Lopez's statement that the prices charged were representative of the reasonable and necessary value of the work performed was not a "legal conclusion," as alleged by Appellees. Lay testimony like that proffered by Lopez is admissible evidence of "reasonable value" and was, therefore, improperly excluded by the trial court. *See Johnston v. Kruse*, 261 S.W.3d 895, 902 (Tex. App.—Dallas 2008, no pet.) (recognizing that the measure of damages for a quantum meruit claim is the reasonable value of the work performed, which may be established through lay testimony).

Furthermore, all of the complained-of statements in the Lopez affidavit could have been readily controverted by the Buchholzes, particularly by Dave H. Buchholz. As recognized by the Texas Supreme Court, the phrase " 'could have been readily controverted' does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted," but rather "that [the] testimony at issue is of a nature which can be effectively countered by opposing evidence." *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989).

Here, the Buchholzes specifically objected to the statement that Mr. Buchholz "approved the work" on the grounds that it "is not easily controverted,"

24

but failed to show that such statement cannot be effectively countered by opposing evidence. Indeed, this factual statement and all of the complained-of statements are of a nature which can be effectively countered by opposing evidence. The Buchholzes in fact attempted to controvert Lopez's statement that Lopez performed the work at the direct request of Dave H. Buchholz by offering opposing testimony from Dave H. Buchholz that the alleged contract governing the work was with Preiss. They admitted, moreover, that the statements in Paragraph 7 concerning Dave H. Buchholz's instructions were controverted, effectively establishing that those statements were factual, not conclusory. (C.R. 199) Likewise, the statements related to the good and workmanlike manner of the work and the reasonable value charged for the same could have been rebutted with contrary evidence that the work was deficient or of improper charges, further negating the conclusory nature of such statements.

Because Paragraphs 4, 5, 7, and 8 of the Lopez affidavit were statements of facts that were uniquely within Lopez's personal knowledge and of a nature that could have been readily controverted by the Buchholzes, they were not conclusory. Accordingly, the trial court abused its discretion by sustaining the Buchholzes' objections to each of these paragraphs and the improper exclusion of Lopez's statements led, in turn, to an improper award of summary judgment on his claims.

25

**E. The Preiss affidavit was not conclusory.**

The Buchholzes objected to the following paragraphs of the Preiss affidavit as improper legal and/or factual conclusions:

Paragraph 4: The written agreement I had with Dave H. Buchholz and Mary A. Buchholz did not include the installation of a new driveway, sidewalk and flagstone.

Paragraph 5: The installation of a new driveway, sidewalk and flagstone at the Buchholzes' residence was extra work performed by Juan O. Lopez (the "Extra Work").

Paragraph 6: The Extra Work performed by Juan O. Lopez was not performed subject to the written agreement between me and the Buchholzes.

Paragraph 7: The Extra Work performed by Juan O. Lopez was not performed under any agreement between me and Juan O. Lopez.

Paragraph 8: I had no involvement in directing or agreeing to pay for the Extra Work performed by Juan O. Lopez.

Paragraph 9: The Buchholzes directed Juan O. Lopez to perform the Extra Work.

(C.R. 199–200); (APP. 3; C.R. 192–193).

The Buchholzes' objections to the Preiss affidavit also were unfounded and improperly sustained. As a party to a written agreement with the Buchholzes for the construction of the Buchholzes' home, Preiss had personal knowledge of the work covered by that agreement. Preiss also had personal knowledge of the slab, framing, stone, and stucco work that he hired and paid Lopez to perform on the

26

4851-8480-4643.v1

Buchholzes' home. By virtue of such knowledge, Preiss' statements in Paragraphs 4 through 7 were statements of fact concerning the scope of the written agreement to which he was a party and the specific tasks that he assigned to Lopez under that agreement. As such, these statements provided the basic underlying facts to support Preiss' conclusion that the installation of the driveway, sidewalk, and flagstone were not included in his written agreement with the Buchholzes or any agreement that he had with Lopez. *See Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 198 (Tex. App.—Fort Worth 2006, no pet.) (holding that statements listing the basic terms of agreement provided the basic facts to support conclusions concerning that agreement).

There also was nothing conclusory about Paragraph 8 or Paragraph 9 of the affidavit, which the trial court nevertheless excluded from evidence. Preiss' testimony that he did not direct or agree to pay Lopez for the installation of the additional items, and that the Buchholzes directed Lopez to perform such work was specific to facts within his personal knowledge. Preiss' statement that the Buchholzes directed Lopez to perform the work for which he sought payment also was not "hearsay," as the Buchholzes contended, because Preiss was not testifying to anything he heard the Buchholzes say to Lopez. Even if hearsay, this statement was nevertheless admissible because it was offered against the Buchholzes and made by the Buchholzes. TEX. R. EVID. 801(e)(2)(A) (a statement is not hearsay if

27

it is offered against an opposing party and was made by the party). Accordingly, the trial court further abused its discretion in sustaining the Buccholzes' conclusory and hearsay objections to Paragraphs 8 and 9 of Preiss' affidavit.

### F. The trial court's error in the exclusion of the Lopez and Preiss affidavits probably caused the rendition of an improper summary judgment award.

For each of the separate and independent reasons set forth above, the trial court abused its discretion by sustaining all of the Buchholzes' objections to the Lopez and Preiss affidavits. The statements contained therein were competent summary judgment evidence. Had they been admitted, such statements would have been sufficient to raise a fact issue on each element of Lopez's claims and thus, to require denial of the Buccholzes' motion for summary judgment. As such, the trial court's erroneous exclusion of Lopez's and Preiss' affidavit testimony probably caused the rendition of an improper summary judgment award in favor of the Buccholzes. Lopez is therefore entitled to a reversal of such judgment.

## II. The Trial Court Erred in Granting Summary Judgment

The trial court's December 12, 2014 order granted the Buchholzs' Traditional and No-Evidence Summary Judgment, dismissed all of Lopez's claims, and entered a declaratory judgment and award of attorneys' fees in favor of the Buchholzes. (C.R. 216–217). As shown above, the trial court improperly excluded portions of the affidavits of Lopez and Preiss from the summary judgment record.

28

As such, the trial court erred in granting summary judgment under either the traditional or no-evidence standard because Lopez presented admissible evidence—through the affidavits of himself and Preiss and the invoices for the work performed—that presented more than a scintilla of evidence in support of each of his claims and created genuine issues of fact to be resolved at trial. Alternatively, even if the trial court's ruling on the objections to the summary judgment evidence is affirmed by this Court, the trial court still erred in granting summary judgment. The Buchholzes only objected to certain statements in the affidavits. The remaining statements and other evidence in the summary judgment record create genuine issues of material fact as to each of Lopez's claims. Finally, regardless of this Court's determination on Lopez's claims, the trial court erred in awarding the Buchholzes attorneys' fees because the Buchholzes failed to carry their burden that they were entitled to such relief on their affirmative claim for declaratory judgment.

### A. Standard of Review

Appellate courts review a trial court's decision to grant a motion for summary judgment de novo. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010).

The Buchholzes were granted summary judgment on both no-evidence and traditional grounds. As such, the Court must first review the trial court's summary

29

judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing a trial court's order granting a no-evidence summary judgment, this Court msut consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A no-evidence summary judgment is properly granted only if the respondent fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.*; *see* TEX. R. CIV. P. 166a(i). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). Less than a scintilla exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.*

Under a traditional motion, summary judgment must be affirmed if the movant shows, as a matter of law, that no genuine issue of material fact exists as to the non-movant's causes of action and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Where the movant has conclusively established the absence of an issue of material fact on an element of the non-movant's claim for relief, the non-movant must present evidence that raises some fact issue. *Walker v.*

30

*Harris*, 924 S.W.2d 375, 377 (Tex. 1996). To determine if the non-movant raises a fact issue, the court must review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

Finally, when a trial court grants summary judgment without specifying the reasons, the appellate court may affirm the judgment on any theory that has merit. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000); *Lennar Corp. v. Great Am. Ins. Co.*, 200 S.W.3d 651, 661 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *McMahan v. Greenwood*, 108 S.W.3d 467, 477 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (where defendant moved on traditional and no-evidence grounds and order granting summary judgment did not specify grounds, both motions could be basis for affirming judgment on appeal).

**B. The trial court erred in granting summary judgment on Lopez's breach of contract claim because Lopez presented evidence of an agreement with the Bucchholzes for the driveway, sidewalk, and flagstone work raising genuine issues of material fact.**

In support of their traditional motion, the Buchholzes argued that no contract existed between the Buchholzes and Lopez. The Buchholzes also moved that there was no evidence as to each element of Lopez's breach of contract claim. But the affidavits of Lopez and Preiss, along with the evidence and admissions of the

4851-8480-4643.v1

Buchholzes, show that there are genuine issues of fact as to whether a contract exists for the driveway, sidewalk and flagstone work.

> i. Issues of fact exist on whether there was an agreement between the Buchholzes and Lopez for the additional driveway, sidewalk, and flagstone work.

In order to prove a breach of contract, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) performance or tendered performance by plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Renteria v. Trevino*, 79 S.W.3d 240, 242 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

In this case, Lopez alleged he had an oral agreement with the Buchholzes for the additional driveway, sidewalk and flagstone work. (C.R. 5–12). "In determining the existence of an oral contract, the court looks to the communications between the parties and to the acts and circumstances surrounding the communications." *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied). The existence of an oral contract may be proved by circumstantial evidence as well as by direct evidence. *PGP Gas Products, Inc. v. Reserve Equip., Inc.*, 667 S.W.2d 604, 607 (Tex. App.—Austin 1984, writ ref'd n.r.e.). An affidavit that lists the basic terms of an agreement, states that plaintiff performed its obligations, and states the amount of expenses that plaintiff incurred in performing, specifying at least what some of the expenses

32

were, is sufficient to raise a fact issue as to whether the parties formed an agreement, whether the agreement was breached, and whether the plaintiff sustained damages as a result. *Residential Dynamics, LLC*, 186 S.W.3d at 198.

In this case, Lopez states in his affidavit that:

- he performed work at the Buchholzes' residence;

- the work was performed at the direct request of Dave H. Buchholz;

- the work was performed in accordance with the instructions given by Dave H. Buchholz;

- the work was approved by Dave H. Buchholz;

- the prices charged were reasonable and necessary;

- invoices were submitted to Dave H. Buchholz for payment for the work on or about October 7, 2013; and

- that Dave H. Buchholz made a partial payment of $5,000 from his personal bank account for the work, leaving a balance due of $27,584.80.

(APP.1; C.R. 189–190). The invoices attached to the Lopez affidavit described the work performed, which included "flag stone in the porch and steps" as well as labor and materials for the "driveway." (APP. 2; C.R. 191). The invoices further reference the address of the Buchholzes' residence—840 Haven Loop Point— showing that this work was performed for the Buchholzes. *Id.* The Buchholzes argue that no written contract exists between Lopez and the Buchholzes, but this is

33

irrelevant in this case because Lopez's affidavit raises a genuine dispute as to whether the parties had an *oral* agreement for the additional work.

The Buchholzes also argue that this additional work was within the scope of their contract with Preiss for the construction of the home, and that because Lopez performed some work as a subcontractor under Preiss, all of Lopez's work on the home must therefore have been performed as a subcontractor to this original contract. But this is the entire factual dispute in this case—whether the Buchholzes separately hired Lopez to construct the driveway, sidewalk and flagstone at their home. The Buchholzes contend that they did not hire Lopez directly. However, Lopez's affidavit states that he performed this work at the direct request of Dave H. Buchholz, and Preiss' affidavit states that his Original Contract with the Buchholzes did not include this work. (APP. 1-3; C.R. 189–193). Preiss' affidavit further states that:

- the installation of the new driveway, sidewalk and flagstone at the Buchholzes' home was extra work performed by Lopez;

- this extra work was not performed under any agreement between Preiss and Lopez;

- Preiss had no involvement in directing or agreeing to pay for this extra work; and

- the Buchholzes directed Lopez to perform this extra work.

34

(APP. 3; C.R. 192–193). This evidence conflicts with the Buchholzes' contention, and therefore raises an issue for the factfinder.

The Buchholzes also admitted in their pleadings that Lopez was hired to pour the slab for the Buchholzes' home and to be the framer. (C.R. 36). They did not allege that Lopez was hired by Preiss to construct the driveway, sidewalk or any flagstone work. None of the evidence submitted by the Buchholzes shows that the driveway, sidewalk or flagstone work at issue was within the scope of their Original Contract with Preiss. The Original Contract does not specify this work. (C.R. 127–131). Lopez's prior invoices to Preiss, the proofs of payment, and the Draw Disclosure only show that Lopez performed and was paid for the slab and framing work that the Buchholzes admit he was hired to perform. (C.R. 132); (C.R. 136–140); (C.R. 149–156). Evidence that Lopez performed *some* work on the Buchholzes' home as a subcontractor of Preiss does not establish as a matter of law that *all* work Lopez performed on the property was as a subcontractor. This is particularly true when Lopez's and Preiss' affidavits contradict this assertion by the Buchholzes and therefore raise a genuine issue of fact as to the ultimate question in this lawsuit—whether there was a separate contract between the Buchholzes and Lopez for the driveway, sidewalk, and flagstone work at issue. Accordingly, the trial court erred in granting summary judgment on this point.

4851-8480-4643.v1

## ii. The statute of frauds is inapplicable.

The Buchholzes mentioned in the introduction of their summary judgment motion that Lopez's claim for oral contract violates the statute of frauds. (C.R. 105). The Buchholzes never argue this point in the body of the motion or present any legal or evidentiary support to their statement, but summary judgment could not have been granted on this ground either because the statute of frauds does not bar enforcement of the oral contract between the parties.

The statute of frauds exists to prevent fraud and perjury in certain kinds of transactions by requiring agreements to be in writing and signed by the parties. *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001); RESTATEMENT (SECOND) OF CONTRACTS § 131 cmt. c (1981). Texas Business and Commerce Code § 26.01(a) provides that:

> A promise or agreement described in Subsection (b) to this section is not enforceable unless the promise or agreement, or a memorandum of it, is
> a.  In writing; and
> b.  Signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

TEX. BUS. & COMM. CODE § 26.01(a). Section 26.01(b)(6) provides that, to be enforceable, promises or agreements "which are not to be performed within one year from the date of making the agreement" must be in writing. *Id.* at § 26.01(b)(6). When a promise or agreement, either by its terms or by the nature of

36

4851-8480-4643.v1

the required acts, cannot be completed within one year, it falls within the statute of frauds and is not enforceable unless it is in writing and signed by the person to be charged. *Id.*; *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982) (per curiam). If the agreement is capable of being performed within one year, it is not precluded by the statute of frauds. *See Gerstacker v. Blum Consulting Eng'rs, Inc.*, 884 S.W.2d 845, 849 (Tex. App.—Dallas 1994, writ denied).

Courts use two points of reference in determining whether an agreement is capable of being performed within one year: (1) the time of making the contract and (2) the time when performance is to be completed. *Young v. Ward*, 917 S.W.2d 506, 508 (Tex. App.—Waco 1996, no writ) (to measure contract duration for statute-of-frauds purposes, the "court simply compares the date of the agreement to the date when the performance under the agreement is to be completed"); *Kalmus v. Oliver*, 390 S.W.3d 586, 589 (Tex. App.—Dallas 2012, no pet.) If there is a year or more between those the two reference points, a writing is required to render the agreement enforceable. *Young*, 917 S.W.2d at 508. A contract that could possibly be performed within a year does not fall within the statute of frauds. *Kalmus*, 390 S.W.3d at 590; *Miller v. Riata Cadilla Co.*, 517 S.W.2d 773, 775 (Tex. 1974).

The oral agreement between Lopez and the Buchholzes was for the performance of a defined scope of driveway, sidewalk and flagstone work. This work was performable within a year because it actually was performed within one

37

year. The Original Contract for the construction of the home was not even executed until November 30, 2012, less than a year before Lopez invoiced the work at issue. (C.R. 127–131). Thus, the entire home was constructed within a year. Accordingly, the oral agreement between Lopez and the Buchholzes falls outside the statute of frauds, and the summary judgment could not be granted on this basis as a matter of law.

### iii. More than a scintilla of evidence was presented in support of the other elements of Lopez's breach of contract claim.

Lopez also presented sufficient evidence as to the other elements of his breach of contract claim to satisfy his burden under Rule 166a(i). *Renteria*, 79 S.W.3d at 242. There is no dispute that the driveway, sidewalk, and flagstone work was actually performed by Lopez, and Lopez's affidavit, Preiss' affidavit, and the attached invoices are evidence that it was performed. (APP. 1-3; C.R. 189–193). There is also no dispute that the Buchholzes have not paid for this work. Lopez's affidavit and the attached invoices show that the Buchholzes paid $5,000 as partial payment for this work, but that $27,584.80 is still owed. (APP. 1 and 2; C.R. 189– 191). Lopez's damages resulting from the Buchholzes' breach is the $27,584.80 unpaid amount. *Id.* Lopez presented the trial court with more than a scintilla of evidence of each element of his breach of contract claim, and therefore summary judgment on this claim could not have been granted under Rule 166a(i).

38

**C. Lopez presented evidence showing that he provided valuable services for the Buchholzes and the Buchholzes accepted these services without payment, such that the trial court erred in granting summary judgment on Lopez's quantum meruit claim.**

Quantum meruit is an equitable remedy that is intended to prevent unjust enrichment when there is an implied agreement to pay for benefits received. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005). Quantum meruit does not arise out of a contract but is independent of it. *Vortt Exploration Co. v. Chevron USA, Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). Generally, a party may recover under quantum meruit only when no express contract covering the services or materials furnished exists. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 740. This remedy "is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Campbell v. Nw. Nat'l Life Ins. Co.*, 573 S.W.2d 496, 498 (Tex. 1978). Recovery in quantum meruit is available when nonpayment for the services rendered would "result in an unjust enrichment to the party benefitted by the work." *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.).

To recover under quantum meruit a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably

39

notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *Vortt Exploration Co.*, 787 S.W.2d at 944.

Affidavits similar to Lopez's have been held by other courts to constitute more than a mere scintilla of evidence that the appellant rendered valuable services so as to support a claim for quantum meruit. *Johnston*, 261 S.W.3d at 901; *Residential Dynamics*, 186 S.W.3d at 198–200. In *Johnston*, the plaintiff's affidavit stated the hours of work that he put in and the "reasonable" pay rate he charged for such work. *Johnston*, 261 S.W.3d at 901. The affidavit further stated that the defendant knew that the work was being performed for a particular entity and consented to the plaintiff's work on such entity's behalf, but failed to pay the plaintiff for this same work. *Id.* The court construed the plaintiff's affidavit as providing "a layman's estimate" of the reasonable value of his services and found that it was sufficient evidence that the plaintiff provided services for the particular entity alleged. *Id.* Accordingly, the court held that the trial court erred in rendering a no-evidence summary judgment on the plaintiff's claim for quantum meruit against that particular entity. *Id.*

Similarly, in *Residential Dynamics*, the plaintiff's affidavit stated that (a) plaintiff performed its obligations under agreement with the defendants, which

4851-8480-4643.v1

included putting a manufactured home on a lot owned by the defendants and adding other improvements thereto, including a driveway and concrete work; (b) the improvements were still on the defendants' property; and (c) plaintiff and the defendants had agreed to a specific payment scheme for the improvements. *Residential Dynamics*, 186 S.W.3d at 198–200. The court held that statements (a) and (b) were sufficient to raise a fact issue as to whether valuable services/materials were furnished by the plaintiff for the benefit of the defendants, the person to be charged. *Id.* In addition, statement (b) raised a fact issue as to whether the services/materials were accepted by the defendants, and whether the defendants enjoyed the benefits of the improved lots. *Id.* Further, statement (c) "clearly raised a fact issue" about whether the defendants should have been reasonably notified that the plaintiff expected to be paid by the defendants following the completion of the improvements to the lot. *Id.*

As in *Johnston* and *Residential Dynamics*, Lopez's affidavit presented evidence as to each quantum meruit element. There is no dispute that the driveway, sidewalk, and flagstone work was performed by Lopez or that it was for the benefit of the Buchholzes and accepted by the Buchholzes. (APP. 1 and 2; C.R.189–191). The driveway, sidewalk, and flagstone work is part of the Buchholzes' home which they have used and enjoyed since it was completed in 2013.

41

Lopez's affidavit also shows that the Buchholzes were reasonably notified that they were to pay for the driveway, sidewalk, and flagstone work. (APP. 1; C.R. 189–190). Lopez performed this work at the direct request and under the instruction of Dave H. Buchholz. *Id.* The amounts charged for this work were reasonable and necessary. *Id.* Most importantly, Dave H. Buchholz made a partial payment of $5,000.00 directly to Lopez on August 22, 2013 for this work. *Id.* This payment is reflected in the final invoice for this work as well. (APP. 2; C.R. 191). The fact that the Buchholzes partially paid for the work is even greater evidence than that presented in *Residential* of whether the Buchholzes were reasonably notified of Lopez's expectation to be paid. It was reasonable for Lopez to expect payment for the remainder of the amount owed for this work when the Buchholzes had made a partial payment for it.

The Buchholzes' traditional motion for summary judgment on Lopez's quantum meruit argues there was no reasonable expectation of payment by the Buchholzes because Lopez was a subcontractor of Preiss and the driveway, sidewalk and flagstone work was performed under any contract with Preiss. The Buchholzes' evidence in support of this argument is just the invoices and proof that Lopez had previously provided other work on the home as a subcontractor of Preiss. The Buchholzes presented no evidence that the driveway, sidewalk, or flagstone work that Lopez invoiced was done under any agreement between Lopez

42

and Preiss. Regardless, the evidence presented by Lopez directly conflicts with the Buchholzes' argument. Preiss' affidavit disclaims any such agreement for the driveway, sidewalk and flagstone work performed by Lopez and that this work was performed by Lopez directly for the Buchholzes. (APP. 3; C.R. 192–193). Lopez's affidavit states the same. (APP. 1; C.R. 189–190). Furthermore, it is incredulous for the Buchholzes to argue that they were not on notice of Lopez's expectation to be paid the remaining amounts owed when they had already partially paid Lopez. *Id.* Finally, the Buchholzes would have had reasonable notice of Lopez's expectation to be paid because this additional work was requested by Dave H. Buchholz. *Id.* This evidence presents a genuine issue of material fact as to Lopez's quantum meruit claim, and summary judgment cannot be affirmed on this claim.

### D. The evidence presents a genuine issue of fact as to whether Lopez has a constitutional lien, and the trial court erred in granting summary judgment on Lopez's lien foreclosure claim and the Buchholzes' declaratory judgment claim.

Texas law recognizes two types of mechanic's liens: (1) a constitutional lien; and (2) a statutory lien. TEX. CONST. art. XVI, § 37; TEX. PROP. CODE § 53.001. The source of all mechanic's liens is the Texas Constitution, which states as follows:

> Mechanics, artisans and materialman, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or materials furnished

43

therefore; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.

TEX. CONST. art. XVI, § 37. The case law in Texas holds generally that the constitutional lien is available to a party who has contracted directly with the owner. *Da-Col Paint Mfg. Co. v. American Indem. Co.*, 517 S.W.2d 270, 273 (Tex.1974); *Horan v. Frank*, 51 Tex. 401, 405 (1879). The statutory lien under Chapter 53 of the Texas Property Code differs from the constitutional lien in that it protects both the original contractor and subcontractors. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 246–47 (Tex. 2002). Thus, "[w]hether one is considered an original contractor or a subcontractor is of fundamental importance." *Da-Col Paint Mfg. Co.*, 517 S.W.2d at 273 (citations omitted).

As stated above, the main dispute in this case is whether the Buchholzes contracted directly with Lopez for the driveway, sidewalk and flagstone work at issue. The summary judgment record contained evidence creating a dispute as to whether Lopez contracted directly with the Buchholzes. (APP. 1-3; C.R. 189–193).

Again, the Buchholzes' only argument on this claim was that Lopez had previously performed some work on the home as a subcontractor of the original contractor, Preiss. (C.R. 118–119). But the inference the Buchholzes make does not defeat Lopez's claim as a matter of law. There is sufficient evidence in the record creating a genuine issue of fact as to whether an express or implied contract

44

existed between the Buchholzes and Lopez that precludes this Court from affirming the trial court's summary judgment on this claim. For this same reason, the trial court also erred in granting summary judgment on the Buchholzes' declaratory judgment claim that Lopez was not entitled to a constitutional lien.

### E. Alternatively, even if this Court affirms the trial court's ruling on the objections to Lopez's summary judgment evidence, the summary judgment record still contains conflicting evidence raising genuine issues of material fact as to Lopez's claims.

The fact that an affidavit contains both admissible and inadmissible matters does not render it entirely void. *Krishnan v. Law offices of Preston Henrichson, P.C.*, 83 S.W.3d 295, 299–300 (Tex. App.—Corpus Christi 2002, pet. denied) (holding that remaining portions of affidavit not excluded as conclusory were competent summary judgment evidence). The Buchholzes objected to a number of statements in the Lopez and Priess affidavits. However, the Buchholzes did not object to Paragraph 9 of Lopez's affidavit or the invoices attached to his affidavit. Thus, this statement and the invoices are part of the summary judgment record.

Lopez states in Paragraph 9 of his affidavit that the "undated invoice and the invoice dated October 7, 2013… were submitted to Dave H. Buchholz for payment on or about October 7, 2013." (APP. 1; C.R. 190). The invoices reference the Buchholzs' home—840 Haven Point Loop. (APP. 2; C.R. 191). They also identify the work performed as that the work was "flagstone in the porch and steps," "cover

45

with flagstone bench", "driveway," and "seventeen steps." *Id.* Finally, the October 7, 2013 invoice referenced a $5,000.00 credit. *Id.* This evidence therefore shows that Lopez performed the driveway and flagstone work for the benefit of the Buchholzes with the reasonable expectation to be paid. This evidence, standing on its own, presents more than a scintilla of evidence on Lopez's quantum meruit claim. Additionally, the Buchholzes attached to their motion the draw requests by Preiss, invoices, and checks from Preiss to Lopez which show Lopez provided services only for the slab, framing and stucco on the home as Preiss' subcontractor. The Buchholzes also admitted that Lopez was only hired by Priess to construct the slab and perform framing work. (C.R. 36). This evidence further demonstrates that the driveway, sidewalk, and flagstone work were outside the scope of the work originally performed by Lopez for Preiss on the Buchholzes' home.

In sum, even if portions of the Lopez and Preiss affidavits are inadmissible, the remaining summary judgment evidence that was not excluded by the trial court shows that Lopez performed the additional work for Buchholzes and that the Buchholzes have received the benefits of Lopez's labor for over a year now without having to pay for it. Accordingly, there is sufficient evidence to create a genuine issue of fact of unjust enrichment such that this Court cannot affirm summary judgment on Lopez's quantum meruit claim.

46

**III.** **The trial court erred in awarding attorneys' fees on this affirmative claim for relief because the Buchholzes failed to meet their burden of showing how their declaratory judgment claim involved an issue not already at issue in Lopez's original claims.**

The "Declaratory Judgment Act is not available to settle disputes already pending before a court." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (citing *Heritage Life v. Heritage Grp. Holding*, 751 S.W.2d 229, 235 (Tex. App.—Dallas 1988, writ denied)). A counterclaim based on the Declaratory Judgment Act must state a claim for affirmative relief. *Id.* at 841, n. 8. A claim for affirmative relief is stated if the counterclaim alleges a cause of action independent of the plaintiff's claim. *Id.* at 841. Thus, "a party cannot bring a counterclaim for declaratory relief and recover attorney's fees when the counterclaim seeks resolution of disputes already pending before the court." *Thomas v. Thomas*, 902 S.W.2d 621, 626 (Tex. App.—Austin 1995, writ denied). The reason for this prohibition is to prevent the use of a plea for declaratory relief "as a vehicle for defendants to obtain attorney's fees merely for resisting the plaintiff's right to recover." *Owens v. Ousey*, 241 S.W.3d 124, 132 (Tex. App.—Austin 2007, pet. denied) (citing *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 638-39 (Tex. App.—Austin 1992, writ denied).

Lopez's Original Petition alleged that he was entitled to a constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution by providing "valuable

47

merchandise and services, namely the installation of a driveway, sidewalk and flagstone," to the Buchholzes. (C.R. 7). Lopez sought foreclosure on this lien. *Id.* The Buchholzes' Second Amended Answer and Third-Party Claim asserted a counterclaim for declaratory judgment that Lopez is not entitled to a constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution. (C.R. 40–41). Both claims rest exclusively on whether Lopez is entitled to a constitutional lien in this case. The Buchholzes' declaratory judgment claim is therefore a mirror image of Lopez's constitutional lien claim. As a matter of law, the Buchholzes cannot recover their attorneys' fees on their counterclaim for declaratory judgment. *Thomas*, 902 S.W.2d at 626; *Breitenfeld v. SAS Institute, Inc.*, 147 S.W.3d 672, 679–80 (Tex. App.—Dallas 2004, no pet.) ("attorney's fees are not authorized where a counterclaim requests a declaratory judgment that is the mirror image of a claim already asserted by an adversary in the suit").

The Buchholzes had the burden to establish as a matter of law that they were entitled to recover attorneys' fees on their declaratory judgment counterclaim. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995); *see also Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st dist.] 2008, no pet.) ("deficiencies in the movant's own proof or legal theories might defeat the movant's right to judgment as a matter of law"). Because Texas law does not allow recovery of attorneys' fees for mirror-image declaratory judgment claims, the

48

Buchholzes failed to establish that they were entitled to judgment as a matter of law on their claim for attorneys' fees. The trial court erred in awarding the Buchholzs' attorneys' fees and must be overruled on this point.

## CONCLUSION

Based upon the foregoing, this Court should reverse the trial court's December 12, 2014 order and Final Judgment. Lopez presented competent summary judgment evidence creating issues of fact as to each of his claims. The trial court erred in excluding much of this evidence, and this error resulted in the improper granting of the Buchholzes' summary judgment motion. The trial court's summary judgment must also be reversed despite the exclusion of Lopez's evidence because the remaining evidence presented fact issues on its own. But regardless of any of these issues, this Court must reverse the trial court's award of attorneys' fees because the Buchholzes' mirror-image counterclaim cannot support recovery of attorneys' fees as a matter of law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Juan O. Lopez d/b/a J.L. Construction Co. prays that this Court (1) REVERSE the trial court's order sustaining Appellees Dave H. Buchholz and Mary A. Buchholz's objections to Appellant's summary judgment evidence; (2) REVERSE the trial court's order granting summary judgment; (3) REVERSE the trial court's Final Judgment

49

4851-8480-4643.v1

entered on January 14, 2015; (4) REMAND the case to the trial court for further proceeding; and that Appellant be granted such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**COATS | ROSE**

By: /s/ Richard C. McSwain
Richard C. McSwain
Texas Bar No. 24002588
Adam J. Richie
Texas Bar No. 24064164
Ryan T. Kinder
Texas Bar No. 24065560
Jamie Cohen
Texas Bar No. 24054524
1020 Northeast Loop 410, Suite 800
San Antonio, Texas 78209
(210) 224-7098 Telephone
(210) 212-5698 Facsimile
ATTORNEYS FOR APPELLANT

50

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4, I HEREBY CERTIFY that:

1. This appellant's brief contains 9,824 words, as determined by the computer's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

2. This appellant's brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.5(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font for the text and 12 point Times New Roman font for the footnotes.

*/s/ Richard C. McSwain*
Richard C. McSwain

4851-8480-4643.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on this 29th day of April, 2015.

Charles M.R. Vethan
Joseph L. Lanza
J. Seth Grove
VETHAN LAW FIRM, PC
8700 Crownhill Blvd, Suite 302
San Antonio, Texas 78217
Attorneys for Appellees
Via Facsimile: (210) 826-2223


*/s/ Richard C. McSwain*
Richard C. McSwain

4851-8480-4643.v1

**Appellant's Brief
Appendix 1**



CAUSE NO. C2014-0259C

| | | |
|---|---|---|
| JUAN O. LOPEZ<br>DBA J.L. CONSTRUCTION CO.,<br>    *Plaintiff* | § §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs | §<br>§<br>§ | |
| DAVE H. BUCHHOLZ AND<br>MARY A. BUCHHOLZ,<br>    *Defendants* | §<br>§<br>§<br>§ | COMAL COUNTY, TEXAS |
| VS | §<br>§ | |
| SCOTT PREISS AND<br>ELECTRIC CITY, LLC,<br>    *Third Party Defendants* | §<br>§<br>§ | 274ᵀᴴ JUDICIAL DISTRICT |

## AFFIDAVIT OF JUAN O. LOPEZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared Juan O. Lopez, known to me to be the person whose name is subscribed to this affidavit, who swore on oath that the following facts are true:

1. My name is Juan O. Lopez. I am over 18 years of age and I am competent to make this affidavit, which is true and correct, and which is based on my personal knowledge, and is made voluntarily.

2. I am the Sole Proprietor of J. L. Construction Co. and in such capacity perform all administrative and operations activities of J. L. Construction Co. It was in my capacity as Sole Proprietor that I gained personal knowledge of the facts set forth in this Affidavit.

3. In my capacity as the Sole Proprietor of J. L. Construction Co., I oversaw the construction work performed at the residence of Dave H. and Mary A Buchholz, located at 840 Haven Point Loop, New Braunfels, Texas 78132.

4. The work for which J. L. Construction Co. seeks payment was performed in a good and workmanlike manner at the direct request of Dave H. Buchholz.

5. Dave H. Buchholz approved the work and paid only a partial payment of $5,000.00 leaving a balance due of $27,584.80.

## EXHIBIT A



6. The partial payment of $5,000 was paid directly by Dave H. Buchholz on August 22, 2013, under his personal bank account.

7. The work was performed in accordance with the instruction given by Dave H. Buchholz to me on behalf of J. L. Construction Co.

8. The prices charged were the reasonable and necessary value of the work performed.

9. The undated invoice and the invoice dated October 7, 2013 (copies of which are attached hereto), were submitted to Dave H. Buchholz for payment on or about October 7, 2013.

FURTHER AFFIANT SAITH NOT.

JUAN O. LOPEZ

SUBSCRIBED AND SWORN BEFORE ME by the said Juan O. Lopez on this 4th day of November 2014, to certify which witness my hand and seal of office.

Notary Public in and for The State of Bexar

YVONNE DENISE VILLANUEVA
Notary Public, State of Texas
My Commission Expires 08-12-2016

My commission expires on _____

190

**Invoice**

| SOLD TO | | SHIP TO Jmn Lopez |
| ADDRESS | | ADDRESS 2656 Fahmeyer Rd. |
| CITY, STATE, ZIP | | CITY, STATE, ZIP New Braunfels Tx. 78130 |

| CUSTOMER ORDER NO. | SOLD BY | TERMS | F.O.B. | DATE |

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| | | 840 Haven Point Loop- | | | |
| | | Flag stone in the porch and steps | | | 622.00 |
| | | Cover with flag stone bench 20"x90" | | | 1656.00 |
| | | | | | |
| | | | | 143.88 | |
| | | | | | |

**Invoice**

| SOLD TO | | SHIP TO Juan Lopez |
| ADDRESS | | ADDRESS 2656 Fahmeyer Rd. |
| CITY, STATE, ZIP | | CITY, STATE, ZIP New Braunfels Tx. 78130 |

| CUSTOMER ORDER NO. | SOLD BY | TERMS | F.O.B. | DATE 10-07-13 |

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| | | 840 Haven Point Loop. | | | |
| | | Driveway (61.78' X 3..) | 19,151 | 80 | |
| | | Seventeen steps. (75.00 each) | 1,275 | 00 | |
| | | Steel Pipe | 525.00 | | |
| | | Remove steel pipe to different level.. | 12,500 | | |
| | | 1 load Pipe 3/4 | 120, | 00 | |
| | | | 21,196 | 80 | |
| | | | - 3000.00 | | |
| | | | | | $16,196.80 |

**EXHIBIT B**

**Appellant's Brief**

**Appendix 3**



CAUSE NO. C2014-0259C

| | | |
|---|---|---|
| JUAN O. LOPEZ DBA J.L. CONSTRUCTION CO., *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| v. | § § § | COMAL COUNTY, TEXAS |
| DAVE H. BUCHHOLZ AND MARY A. BUCHHOLZ *Defendants* | § § § § | |
| v. | § § § | |
| SCOTT PREISS, S BAR S CONSTRUCTION, LLC, and ELECTRIC CITY, LLC *Third-Party Defendants* | § § § § | 274TH JUDICIAL DISTRICT |

## AFFIDAVIT OF ROBERT SCOTT PREISS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF COMAL | § |

Before me, the undersigned authority, personally appeared Robert Scott Preiss, who, being by me duly sworn, deposed as follows:

"1. My name is Robert Scott Preiss. I am of sound mind, capable of making this affidavit, and over the age of eighteen (18) years. I have never been convicted of a felony or a crime involving moral turpitude. I have personal knowledge of the statements in this affidavit, and the statements in this affidavit are true and correct.

2. I am the Sole Proprietor of Scott Preiss Construction and in such capacity perform all administrative and operations activities of Scott Preiss Construction. It was in my capacity as Sole Proprietor that I gained personal knowledge of the facts set forth in this Affidavit.

**EXHIBIT C**

192

3. As sole Proprietor of Scott Preiss Construction, I entered a written agreement with Dave H. Buchholz and Mary A. Buchholz to perform a defined scope of work at the Buchholz' residence located at 840 Haven Loop Point, New Braunfels, Texas 78132.

4. The written agreement I had with Dave H. Buchholz and Mary A. Buchholz did not include the installation of a new driveway, sidewalk and flagstone.

5. The installation of a new driveway, sidewalk and flagstone at the Buchholz' residence was extra work performed by Juan O. Lopez (the "Extra Work").

6. The Extra Work performed by Juan O. Lopez was not performed subject to the written agreement between me and the Buchholzes'.

7. The Extra Work performed by Juan O. Lopez was not performed under any agreement between me and Juan O. Lopez.

8. I had no involvement in directing or agreeing to pay for the Extra Work performed by Joan O. Lopez.

9. The Buchholzes' directed Juan O. Lopez to perform the Extra Work."

10. Further Affiant sayeth naught.

ROBERT SCOTT PREISS

SUBSCRIBED AND SWORN to me on the 5th day of November, 2014, to certify which witness my hand and official seal.

OLGA G. LAY
NOTARY PUBLIC
NOTARY PUBLIC, STATE OF TEXAS
STATE OF TEXAS My Comm. Exp. 09-08-2018

193

**Appellant's Brief**
**Appendix 4**

FILED
Susan Collier
C2014-0259C
10/17/2014 4:34:03 PM
Kathy Faulkner
Comal County
District Clerk

CAUSE NO. C2014-0259C

| | | |
|---|---|---|
| JUAN O. LOPEZ DBA J.L. CONSTRUCTION CO., *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| vs. | § § § | |
| DAVE H. BUCHHOLZ AND MARY A. BUCHHOLZ *Defendants* | § § § § | COMAL COUNTY, TEXAS |
| vs. | § § § | |
| SCOTT PREISS, and ELECTRIC CITY, LLC *Third Party Defendants* | § § § § | 274ᵗʰ JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS, DAVE H. BUCHHOLZ AND MARY A. BUCHHOLZ'S, MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

After considering Defendants, Dave H. Buchholz and Mary A. Buchholz's Motion for

Summary Judgment, the pleadings, the response, the affidavits, and other evidence on file, the

Court: *SUSTAINS DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGEMENT EVIDENCE; AND*    *12 DEC 14*

GRANTS Defendants' Motion for Summary Judgment.

THE COURT FINDS, AND IT IS THEREFORE ORDERED that Plaintiff Juan O.

Lopez DBA J.L. Construction Co.'s Claims for Breach of Contract, Suit on Sworn account,

Quantum Meruit and foreclosure of a constitutional lien are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the Court makes the following declarations:

1. Juan O. Lopez is not entitled to a constitutional mechanics and materialman's

   lien pursuant to the Texas Constitution, Article 16, Section 37.

2. Any Affidavit for Constitutional Mechanic and Materialman's lien filed by

*Order Granting Defendants, David H. Buchholz and Mary A. Buchholz's, Motion for Summary Judgment*

216

Juan O. Lopez related to this case is hereby declared void.

IT IS FURTHER ORDERED that Defendants recover the following from Juan O. Lopez DBA J.L. Construction Co.;

1. Reasonable and necessary attorney fees in the amount of Twenty Thousand, Eight Hundred and Fifty-Three and 84/100 dollars ($20,853.84) for Defendants, Dave H. Buchholz and Mary A. Buchholz's attorneys' fees as required under TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon).'

2. Court costs.

3. Post judgment interest from Plaintiff Juan O. Lopez DBA J.L. Construction Co. at the rate of five percent (5%) per annum, commencing from the date of this Judgment as provided in Tex. Fin. Code § 304.003(c).

SIGNED on ___12___ day of ___DEC___, 2014.

_____
Judge Presiding

*Order Granting Defendants, David H. Buchholz and Mary A. Buchholz's, Motion for Summary Judgment*

CAUSE NO. C2014-0259C-B

| | | |
|---|---|---|
| JUAN O. LOPEZ DBA J.L. CONSTRUCTION CO., *Plaintiff* | § § § § | IN THE DISTRICT COURT |
| vs. | § § § | |
| DAVE H. BUCHHOLZ AND MARY A. BUCHHOLZ *Defendants* | § § § § § § § | COMAL COUNTY, TEXAS |
| | § | 274th JUDICIAL DISTRICT |



FILED FOR RECORD
At _____ o'clock ____
JAN 1 4 2015
Heather N Kellar
KATHY H. FAULKNER
Clerk District Court Comal County, TX.
By _____ Deputy

## FINAL JUDGMENT

On December 12, 2014, the Court Granted Defendants' Dave H. Buchholz and Mary A. Buchholz's Motion for Summary Judgment against Juan O. Lopez DBA J.L. Construction Co.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court, after reviewing all evidence and arguments of counsel, entered its decision for Plaintiff. Plaintiff filed a motion for entry of final judgment based on the Court's decision and therefore, the Court:

Hereby RENDERS final judgment for Defendants' Dave H. Buchholz and Mary A. Buchholz.

THE COURT FINDS, AND IT IS THEREFORE ORDERED that Plaintiff Juan O. Lopez DBA J.L. Construction Co.'s Claims for Breach of Contract, Suit on Sworn account, Quantum Meruit and foreclosure of a constitutional lien are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the Court makes the following declarations:

1. Juan O. Lopez is not entitled to a constitutional mechanics and materialman's lien pursuant to the Texas Constitution, Article 16, Section 37.

*al Judgment*

240



2. Any Affidavit for Constitutional Mechanic and Materialman's lien filed by Juan O. Lopez related to this case is hereby declared void.

IT IS FURTHER ORDERED that Defendants recover the following from Juan O. Lopez DBA J.L. Construction Co.,

1. Reasonable and necessary attorney fees in the amount of Twenty Thousand, Eight Hundred and Fifty-Three and 84/100 dollars ($20,853.84) for Defendants, Dave H. Buchholz and Mary A. Buchholz's attorneys' fees as required under TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon).'

2. Court costs.

3. Post judgment interest from Plaintiff Juan O. Lopez DBA J.L. Construction Co. at the rate of five percent (5%) per annum, commencing from the date of this Judgment as provided in Tex. Fin. Code § 304.003(c).

This judgment finally disposes of all claims and all parties, and is appealable.

1. The Court orders execution to issue for this judgment and all other processes necessary to enforce this judgment.

2. All relief not expressly granted herein is denied.

SIGNED on ____14____ day of ____JAN____ 2015.

Judge Presiding

*Final Judgment*

241